ALBERT REED, as Administrator of the Estate of JAMES B. WILEY, Deceased, Respondent, *v.* EDRICK H. FARRAND et al., Appellants.

*Appeal* — substitution of party in place of one who has died pending appeal — meaning of word " surviving " in section 1299 of Code of Civil Procedure.

The word "surviving," as used in section 1299 of the Code of Civil Procedure, which provides for a substitution in the appellate court at the instance of the surviving party is not limited to a surviving co-plaintiff or co-defendant, but is broad enough to include a surviving adverse party.

(Argued March 14, 1910; decided March 29, 1910.)

MOTION by the plaintiff and respondent to substitute the administrator of Jeanette Farrand, a deceased defendant and appellant, as a party to the appeal in this court.

*Charles McLouth* for motion.

*Charles S. Kent* opposed.

*Per Curiam.* We think this motion should be granted under section 1299 of the Code of Civil Procedure, which provides that where the appeal is from one court to another an

application for an order of substitution must be made to the appellate court, and that where personal notice of the application has been given to the proper representative of the decedent within the state " an order of substitution may be made upon the application of the surviving party." The provisions of section 1298 relate to the disposition of an appeal where a a party thereto dies before it has been heard and it is desired to dispose of the case *without the substitution of any one in place of the deceased party.* As was pointed out by CULLEN, J., in *Riley* v. *Gitterman* (24 Abb. N. C. 89; affd., 125 N. Y. 727), section 1298 authorizes the dismissal of an appeal upon the proceedings provided therein, in case of no order being made substituting some other person in place of the party deceased ; but it does not at all prescribe how or in what persons that substitution shall be had. Section 1299, however, expressly provides for a substitution in the appellate court at the instance of the surviving party. The word "surviving" in this section is not limited to a surviving co-plaintiff or co-defendant, but is broad enough to include a surviving adverse party ; and it is only just that a surviving adverse party should be allowed to enforce such a substitution when it has not been procured at the instance of the personal representative of the deceased party himself or of a party associated in interest with the decedent if there be one. Unless section 1299 be thus construed, no substitution could be had thereunder in a case in which there were single parties respondent and appellant, one of whom had died pending the appeal and his personal representative neglected or refused to apply to be substituted. The legislature can hardly have intended such a result as this.

The motion should be granted.

CULLEN, Ch. J., HAIGHT, VANN, WERNER, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur.

Motion granted.