### WESSEL v. SCHWARZLER.

(Supreme Court, Appellate Division, First Department. May 19, 1911.)

DISCOVERY (§ 30*)—EXAMINATION—TRIAL—SEDUCTION CASES.

　　In an action to recover large damages for seduction, an examination generally of defendant before trial should not be permitted, since it might be for ulterior purposes, and plaintiff could hardly intend to use defendant's testimony to prove her own case.

　　[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 44; Dec. Dig. § 30.*]

Appeal from Special Term, New York County.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

Cohen, Creevey & Richter (Theodore B. Richter, of counsel), for appellant.

Edward J. Krug, Jr. (Max D. Steuer, of counsel), for respondent.

CLARKE, J. This is an action for $100,000 damages for seduction of plaintiff's daughter. In Goldmark v. U. S. Electric Galvanizing Co., 111 App. Div. 526, 97 N. Y. Supp. 1078, this court said:

"The rule that the affidavit must state the facts and circumstances to show that the deposition of the proposed witness is material and necessary to the party making the application is intended to prevent an abuse of the permission to examine an adverse party, so that a party to an action will not be allowed to examine his opponents for an ulterior or improper purpose. * * * The right given by these sections of the Code is subject to abuse, and it is the duty of the court to prevent the abuse of its processes. * * *"

In Wood v. Hoffman Co., 121 App. Div. 636, 106 N. Y. Supp. 308, this court said:

"It has not yet, however, committed itself to the broad proposition that in a negligence action the defendant may examine the plaintiff before trial as to all the issues of the action, and thus obtain his version of the happening of the action. The fundamental rule that the testimony sought must be material and necessary for the use of the party applying upon the trial of the action has not been abrogated, as was recently pointed out in Oakes v. Star Co., 119 App. Div. 358, 104 N. Y. Supp. 244. It is quite improbable that a defendant in a negligence action could in good faith say that he intended

———————

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to use the deposition of the plaintiff upon the trial of the action, or that such testimony was material and necessary for his defense."

In Ehrich v. Root, 122 App. Div. 719, 107 N. Y. Supp. 846, the examination was refused, this court saying:

"There are facts which justify the inference that this' application is not made in good faith to obtain testimony to be used upon this trial."

In Lawson v. Hotchkiss, 140 App. Div. 297, 125 N. Y. Supp. 261, in reversing an order for examination, this court said:

"What is evidently desired is to submit her to a cross-examination in advance of the trial as to evidence which it is assumed she will give on the trial. * * * While we fully recognize the frequent propriety, in the interest of justice, of permitting the examination before trial of a party by his adversary, we also cannot fail to appreciate the necessity of keeping such examinations within the proper limits to prevent injustice."

It is apparent from the foregoing citations that, while it is and has been the policy of this court, ever since the decision of the Goldmark Case, to allow the examination of parties before trial with the utmost liberality, there are kinds of actions where we have felt that a wise discretion in the public interests should limit the examination, and that in certain cases the peculiar circumstances have permitted the inference that the testimony was not sought in good faith to be used upon the trial, but for improper and ulterior purposes. It is our opinion that in actions such as this, brought for large damages for seduction, the examination generally of the defendant should not be permitted. It is difficult to believe that plaintiff intends to use the testimony of the defendant to prove her case, and it is obvious that an order for examination might be used for ulterior purposes. It seems to us the public interest requires the denial of the application.

The order appealed from should be affirmed, with $10 costs and disbursements to the respondent. All concur.

---

### WESSEL v. SCHWARZLER.

(Supreme Court, Appellate Division, First Department. May 19, 1911.)

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

