(88 Misc. Rep. 473)

### DRYDEN v. LATTIMER.

(Supreme Court, Special Term, Erie County. December, 1914.)

DISCOVERY (§ 36*)—EXAMINATION OF DEFENDANT BEFORE TRIAL—RIGHT TO.

Where it was apparent that plaintiff did not honestly intend to use defendant's testimony to prove his cause of action, he should not be granted leave, in a suit for the alienation of his wife's affections, to examine defendant before trial, for by such examination he would cast upon defendant, who had denied under oath each circumstance charged as constituting plaintiff's grievance, the burden of proving his defense before any case had been made against him, and commit defendant to a position from which he could not change.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 49; Dec. Dig. § 36.*]

Action by John Dryden against George E. Lattimer. On motion to vacate an order to examine defendant before trial. Motion granted.

John M. Hull, of Buffalo, for the motion.
Harford T. Marshall, of New York City, opposed.

BROWN, J.   It does not appear that the plaintiff honestly intends, in good faith, to use defendant's testimony to prove his cause of action.   The plaintiff charges defendant with alienating the affections, etc., of plaintiff's wife.   The defendant denies, under oath, each circumstance charged as constituting plaintiff's grievance. . For the plaintiff to be permitted to examine defendant before trial, at length, and in general, thus committing defendant to a certain version of every detail in advance of the trial, with no knowledge of plaintiff's claim thereto, thus enabling plaintiff to fashion, shape, and stage his testimony, etc., on the trial to suit his notion as to how defendant's version should be combatted, is, in effect, placing a burden on the defendant of establishing his defense before there has been any case proved against him.   The law casts no burden on the defendant until there shall be proved against him a. cause of action.

The plaintiff's contemplated procedure is so unfair, and gives him such an advantage, that it is believed it ought not, in furtherance of justice, to be granted in such an action as is here presented.   It has been denied in actions for seduction (Wessel v. Schwarzler, 144 App. Div. 587, 129 N. Y. Supp. 521), and in an action for breach of promise of marriage (Id., 144 App. Div. 589, 129 N. Y. Supp. 522). While the plaintiff does state that he, in good faith, desires to examine the defendant to establish his cause of action, and intends to use the evidence thus obtained upon the trial for such purpose, yet, from the very nature of the case, it is apparent that the examination is sought for the purpose of cross-examining defendant before trial, and obtaining the advantage of knowing what defendant will testify to in defending himself upon the charge, without disclosing what plaintiff will claim the facts to be.

The motion to vacate order for defendant's examination is granted, with $10 costs.