(96 Misc. Rep. 81)

## GULLETTE v. FIELD.

(Supreme Court, Special Term, New York County.   June, 1916.)

DISCOVERY ⚫⚏30—EXAMINATION BEFORE TRIAL—ALIENATION CASES.

In an action for damages, charging defendant with alienating the affections of, and with debauching and carnally knowing, the plaintiff's wife, and more specifically with renting and furnishing an apartment and living with her there as his wife, an order for the examination of the defendant before trial will not be permitted, as it is difficult to believe that plaintiff intended .to use the testimony of defendant to prove his case, and as an order might be used for ulterior purposes.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 44; Dec. Dig. ⚫⚏30.]

Action by George S. Gullette against Leonard J. Field. On motion to vacate order for examination of the defendant before trial. Granted.

Hendrick & Hendrick, of New York City, for the motion.

Henry J. Goldsmith and Frederick E. Goldsmith, both of New York City (Henry J. Goldsmith, of New York City, of counsel), opposed.

GIEGERICH, J.   In this action for alienating the affections of his wife and for criminal conversation, the plaintiff has procured an order for the examination of the defendant before trial. That order, upon the return day, the defendant moved to vacate upon the papers on which it was granted.

As I construe the meaning of the decisions of the Appellate Division of this department in Wessel v. Schwarzler (No. 1) 144 App. Div. 587,

129 N. Y. Supp. 521, and Wessel v. Schwarzler (No. 2) 144 App. Div. 589, 129 N. Y. Supp. 522, the motion should be granted. The former was an action brought by the mother for the seduction of her daughter, and the latter was an action brought by the daughter for breach of promise of marriage, and in both cases for the same reasons it was held that the examination of the defendant before trial should not be permitted. The court remarked in the former of the cases cited (144 App. Div. 588, 129 N. Y. Supp. 522):

"There are kinds of actions where we have felt that a wise discretion in the public interests should limit the examination, and that in certain cases the peculiar circumstances have permitted the inference that the testimony was not sought in good faith to be used upon the trial, but for improper and ulterior purposes. It is our opinion that in actions such as this, brought for large damages for seduction, the examination generally of the defendant should not be permitted. It is difficult to believe that plaintiff intends to use the testimony of the defendant to prove her case, and it is obvious that an order for examination might be used for ulterior purposes."

This action is for $100,000 damages, and the defendant is charged with debauching and carnally knowing the plaintiff's wife, and more specifically it is alleged that he rented and furnished an apartment at a street and number named in the county of New York, and lived with her as his wife 'in that apartment.

Motion granted, with $10 costs to abide the event. Settle order on notice.