In the Matter of the Claim of John M. O'Esau, Respondent, against E. W. Bliss Company et al., Appellants.

State Industrial Commission, Respondent.

**Appeal — Court of Appeals cannot consider appeal from order in favor of a deceased party where no substitution has been made.**

Where the state industrial commission has made an award in favor of a claimant, subsequent to his death, and thereafter the Appellate Division affirms the award upon findings disclosing the death, and no substitution has been made, an appeal to this court will be dismissed as contrary to the provisions of sections 1297 and 1298 of the Code of Civil Procedure.

*Matter of O'Esau* v. *Bliss Co.*, 185 App. Div. ——, appeal dismissed.

(Argued November 12, 1918; decided November 26, 1918.)

Appeal from an order of the Appellate Division of the Supreme Court in the third judicial department, entered

July 5, 1918, affirming an award of the state industrial commission made under the Workmen's Compensation Law.

*William H. Foster* and *James B. Henney* for appellants.

*Merton E. Lewis, Attorney-General* (*E. C. Aiken* of counsel), for respondent.

*Per Curiam.* One John M. O'Esau was an employee of E. W. Bliss Company and as such engaged in a hazardous employment. On March 28, 1916, while engaged in his employment he received an injury. Objection was made by appellants before the industrial commission that the claim made by O'Esau was not filed with the commission within the time required by law. An award was made by the commission November 17, 1917, the decision of the commission reciting that the claim for compensation was filed with the commission more than one year after the date of the injury, to wit, June 6, 1917. The employer and carrier appealed from the determination of the commission to the Appellate Division. Upon the argument of the appeal the Attorney-General contended that a letter written by claimant to the commission under date of October 22, 1916, was a claim for compensation. The Appellate Division on March 5, 1918, remitted the case to the commission " to make such findings as it sees fit in reference to filing a claim within the year." March 22, 1918, the case was brought on before the commission and additional evidence presented. The commission thereupon made amended findings wherein it recited the proceedings already noted; also that it appeared at the time, March 22, 1918, that John M. O'Esau had died March 21, 1918; and that the letter of Mr. O'Esau of October 22, 1916, constituted a claim. Further argument of the appeal was had in the Appellate Division upon the amended findings and the determination of the State Industrial Commission affirmed at the May term, 1918. The employer and carrier appeal from the order of affirmance to this court.

If we were at liberty to consider this appeal on the merits we would feel compelled to hold that the letter of October 22, 1916, did not constitute a claim for compensation under the requirements of the statute. But the appeal is not properly before us.

By section 23 of the Workmen's Compensation Law (Cons. Laws, ch. 67), appeals to the Appellate Division and this court from determinations made by the commission, save as in said section excepted, are subject to the law and practice applicable to appeals in civil actions.

Concededly the commission made a final award in favor of Mr. O'Esau, subsequent to his death, and thereafter the Appellate Division affirmed the award upon findings disclosing the death of the adverse party. The appellants now seek to have this court reverse the order of the Appellate Division, and the Attorney-General, representing the commission, urges an affirmance of an order in favor of a deceased party, no substitution having been made. Such practice is contrary to the provisions of the Code. (§§ 1297, 1298; *Reed* v. *Farrand,* 198 N. Y. 207.)

The appeal should be dismissed, without costs.

HISCOCK, Ch. J., CHASE, COLLIN, CUDDEBACK, HOGAN, MCLAUGHLIN and CRANE, JJ., concur.

Appeal dismissed.