Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of EMILY K. WAITE, Respondent, for Compensation under the Workmen's Compensation Law, for the Death of Her Husband, HAROLD C. WAITE, v. THE E. W. BLISS COMPANY, Employer, and the UNITED STATES FIDELITY AND GUARANTY COMPANY, Insurance Carrier, Appellants.

Third Department, January 8, 1919.

**Workmen's Compensation Law — practice — appeal — death of claimant — representative must be substituted.**

Where, pending an award under the Workmen's Compensation Law, the claimant died, no appeal to the Appellate Division can be taken until the representative of his estate is substituted in the proceeding.

APPEAL by the defendants, The E. W. Bliss Company and another, from several awards of the State Industrial Commission, made on the 23d day of January, 1918, the 6th day of

March, 1918, the 15th day of June, 1917, and the 8th day of July, 1918, as per notice of award dated July 12, 1918.

*William Dike Reed* [*William Warren Dimmick* of counsel], for the appellants.

*Merton E. Lewis*, Attorney-General [*E. C. Aiken, Deputy Attorney-General*, of counsel], and *Robert W. Bonynge*, counsel for the State Industrial Commission, for the respondents.

LYON, J.:

The appeal is not properly before this court for hearing. The Commission made the award of date July 8, 1918, to Harold C. Waite, for forty-one weeks covering the period from August 28, 1916, to June 11, 1917, evidently erroneously stated in the findings as July 11, 1917, and continued the claim for further hearing, the Commission stating, " it appearing that Harold C. Waite claimant herein died on or about August 9, 1917, said award is directed to be paid to the estate of Harold C. Waite, deceased."

The law and practice of this court require that following the death of the plaintiff a substitution must be had of a representative of the estate before an appeal can be heard. It was recently held by the Court of Appeals in *Matter of O'Esau* v. *Bliss Co.* (224 N. Y. 701) that by section 23 of the Workmen's Compensation Law appeals to the Appellate Division and to the Court of Appeals from determinations made by the Commission, save as in said section excepted, are subject to the law and practice applicable to appeals in civil actions. Furthermore, there is nothing in the case showing that Emily K. Waite was the widow. According to the record Harold C. Waite was not married.

The hearing of the appeal must be suspended in this court awaiting such action as the parties may see fit to take.

All concurred.

Decision of appeal suspended in this court to await such action as the parties may see fit to take.