THEKLA HOFMANN, Appellant, *v.* LOUIS B. F. HOFMANN, Respondent.

First Department, November 3, 1922.

**Husband and wife — action for separation on ground of cruel and inhuman treatment based on fact that defendant was living with another woman as his wife after securing illegal divorce — depositions — examination of plaintiff before trial not allowed as to abandonment by her and subsequent persecution of defendant.**

In an action for separation brought by the wife on the ground of cruel and inhuman treatment in that the defendant was living in adulterous intercourse with a woman held out to be his wife, following an alleged decree of divorce in a foreign State, which the plaintiff claims to be illegal for want of jurisdiction, the examination of the plaintiff before trial will not be directed as to allegations in the answer to the effect that the plaintiff abandoned the defendant and refused thereafter to live with him, and that she had stated that it was her purpose to harass and annoy the defendant in case he should remarry, and that if he refused

to turn over his property she would intimidate and threaten him, and that she threatened to kill the defendant because of his refusal to comply with her demand for money, for the matters about which the defendant desires to examine the plaintiff are neither material nor necessary to the defense of the cause of action set forth, which is based solely upon the obtaining of an illegal decree of divorce by the defendant and his conduct thereafter.

APPEAL by the plaintiff, Thekla Hofmann, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 6th day of July, 1922, denying the plaintiff's motion to vacate a notice for the examination of plaintiff before trial and a subpœna issued thereunder.

*Samuel D. Lasky* of counsel [*E. Gerson Rieger* with him on the brief], for the appellant.

*Joseph A. Seidman,* for the respondent.

CLARKE, P. J.:

This is an action for a separation upon the ground of cruel and inhuman treatment in that the defendant is living in adulterous intercourse with a woman held out to be his wife following an alleged decree of divorce in the State of Pennsylvania in the year 1919, which plaintiff claims is null and void for want of jurisdiction. That the complaint states facts sufficient to constitute a cause of action has been determined by the Court of Appeals. (*Hofmann v. Hofmann,* 232 N. Y. 215.) The answer after tendering the general issue alleges, but not by way of counterclaim, that in the year 1911 the plaintiff abandoned the defendant, established a separate home for herself and children, refused to permit the defendant to visit her, declared it her purpose to live separate and apart from him, deemed her marital relations severed and that she was no longer his wife; that in the year 1911 the parties agreed to live separate and apart; that for some years thereafter defendant endeavored to persuade plaintiff to resume marital relations which she rejected; that plaintiff caused various persons to call upon defendant to induce him to institute divorce proceedings in the State of Pennsylvania and that it was in compliance with her wishes that he did commence such an action with full knowledge or notice to said plaintiff in the Court of Common Pleas in Luzerne county, Penn.; that after the Pennsylvania decree of divorce plaintiff made known that she did not at any time have any love or affection for defendant; that she had no desire or intention to live or cohabit with him, but that it was her purpose to harass and annoy the defendant in case he should remarry, and that should this defendant refuse to turn over his property and large sums of money plaintiff would intimidate and threaten this defend-

ant and harass and annoy him to such extent as to drive him out of business, and ever since that time plaintiff has orally and in writing threatened to kill this defendant because of his refusal to comply with the plaintiff's demand for money or property, and made use of the pendency of this action for the purpose of obtaining newspaper publicity and notoriety. Wherefore the defendant demands judgment that the complaint be dismissed and that due faith and credit be given by this court to the decree of the Court of Common Pleas, Luzerne county, Penn., hereinbefore mentioned.

The defendant served a notice for the examination of the plaintiff concerning the matters set up in his answer and caused a subpœna in support thereof to be issued. Plaintiff moved to have such notice and subpœna vacated and set aside, · and from the order denying said motion this appeal is taken.

The gravamen of the cause of action set forth in the complaint is cruel and inhuman treatment, the said cruelty being the obtaining of an illegal divorce in the State of Pennsylvania, the defendant's living in adulterous intercourse with a woman with whom he contracted an illegal marriage after said illegal divorce, the informing of divers persons, including the children of the marriage between plaintiff and defendant, of said pretended decree of divorce and his pretended marriage, and his representations to his children that they should meet and affiliate with said woman, which acts are alleged to have caused plaintiff acute mental suffering and distress.

An examination before trial may be had by a plaintiff or defendant of the adverse party as to matters which are " material and necessary in the prosecution or defense of the action." (Civ. Prac. Act, § 288.)

In my opinion, the matters about which the defendant desires to examine the plaintiff are neither material nor necessary to the defense of the cause of action set forth, which is based solely upon the obtaining of an illegal decree of divorce by the defendant and his conduct thereafter. If the defendant did obtain an illegal divorce and if that was cruel and inhuman treatment sufficient to constitute a cause of action, as has been determined by the Court of Appeals, it is not apparent how any of the matters alleged in the answer in regard to which the plaintiff is sought to be examined could constitute a defense thereto. As there is no counterclaim, it would seem that what was material and necessary for the defendant to prove would be the legality of the divorce which he asserts and the validity of which he asks to be adjudged. But the defendant does not seek to examine the plaintiff as to this material defense.

118 Farrell *v.* Merchants Mut. Auto. Liability Ins. Co.

Second Department, November, 1922. [Vol. 203

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion to vacate the subpœna thereunder should be granted, with ten dollars costs to the appellant.

Dowling, Page, Greenbaum and Finch, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.