MARY SHAW WHITTAKER, Plaintiff, *v.* PERCIVAL J. H. WHITTAKER, Defendant.*

Supreme Court, New York County, December 24, 1925.

**Depositions — examination of plaintiff before trial — action for separation — practice of courts is not to allow examination as to general issues in matrimonial actions.**

A notice for the examination before trial of the plaintiff in a separation action as to the general issues therein will be vacated, since neither the practice nor the policy of the courts permit an examination of such a scope in matrimonial actions.

MOTION by plaintiff to vacate a notice for her examination before trial.

*Edmund L. Mooney* and *Wilber W. Chambers*, for the plaintiff.

*McLaughlin & Stern*, for the defendant.

GAVEGAN, J. This motion to vacate a notice for the examination before trial of a party to a separation action as to the general issues is granted. I do not believe that the practice in the first department permits an examination of such scope in a matrimonial action. *Reynolds* v. *Reynolds* (81 Misc. 362) indicated a practice in cases of this kind which was subsequently limited and to a large extent

---

* Affd., 216 App. Div. 714.

barred as a result of decisions in our Appellate Division. In support of the notice respondent relies upon *Hofmann* v. *Hofmann* (203 App. Div. 115), a separation action. There the examination was disallowed because it related to matters which were not material to the case of the party who sought it. I am not convinced by the argument based upon the fact that the court did not proceed on broader grounds. I am satisfied that the effect of recent authoritative decisions is that an examination such as this will not be allowed. In *Green* v. *Green* (N. Y. L. J. Oct. 22, 1925, p. 301) the Appellate Division in an alienation action reversed an order (215 App. Div. 706) allowing an examination of a party to obtain proof as to various matters, including the following: (a) That defendants knew of plaintiff's marriage; (b) knew that she was living with her husband; (c) that she had his affection, protection and support; (d) that defendants made statements in relation to her health in order to induce her husband to abandon her, and (e) that defendants did induce him to abandon and cease to support her. In *Lewis* v. *Redell* the Appellate Division reversed an order (215 App. Div. 759) allowing an examination in an action for malpractice as to defendant's experience, competency, licensing and other matters. In this direction in cases of like kind the tendency of the decisions in the second department is very much the same as here. (*Foster* v. *Foster*, divorce, Mr. Justice HAGARTY, N. Y. L. J. Jan. 28, 1925, p. 1611; *Zahn* v. *Kosofsky*, alienation, Mr. Justice HAGARTY, Id. Nov. 12, 1924, p. 595; *McGrath* v. *McInerney*, alienation, Mr. Justice DIKE, Id. Jan. 6, 1922, p. 1209; *Meiselman* v. *Estern*, alienation, Mr. Justice MANNING, Id. Nov. 21, 1919, p. 640, where the learned justice said: " * * * and the policy of the courts is not to allow such inquisitorial orders in action of this character. The case in my opinion falls within the principles announced in *Wessel* v. *Schwarzler, No. 1* [144 App. Div. 587]; *Wessel* v. *Schwarzler, No. 2* [144 App. Div. 589]; *Gullette* v. *Field* [96 Misc. 81; affd., in 175 App. Div. 927]; *Goldberg* v. *Goldberg* [184 App. Div. 949].)" (See, also, *Modica* v. *DePerigny*, Mr. Justice WAGNER, N. Y. L. J. Feb. 16, 1924.)