FRIEDA HEMPEL, Plaintiff, *v.* AUGUST HECKSCHER, Defendant.

Supreme Court, New York County, January 3, 1928.

Depositions — examination of defendant before trial — action on alleged contract — motives of plaintiff not such as to deny her right to examination.

The plaintiff seeks an examination of the defendant before trial, in an action in which the complaint alleges an agreement by the defendant to pay plaintiff $12,000 quarterly during her life in consideration of her promise not to accept employment to sing for hire that would require her absence from New York city for more than two days at a time and her agreement to sing for charity and community service whenever requested to do so by defendant.

The defendant's denial that he made the contract does not deprive the plaintiff of her right to examine him orally on that point, nor does the fact that the plaintiff may have personal knowledge as to the subject-matter of the examination prevent her from examining the defendant.

The defendant's attorneys attempted to show that the examination is sought for an ulterior purpose. According to their contention the motives of the plaintiff are to compel the defendant to pay over money in order to prevent publicity. The showing as to ulterior motives is not sufficiently strong to deny plaintiff the right to examine the defendant.

MOTION to vacate notice for examination of defendant before trial.

*McManus, Ernst & Ernst* [*Terence J. McManus* of counsel], for the plaintiff.

*Chadbourne, Stanchfield & Levy*, for the defendant.

FRANKENTHALER, J. If this were an action on an ordinary commercial contract there could be no question that plaintiff would be entitled to examine the defendant before trial as to at least some of the paragraphs of the notice. Defendant's denial that he made the contract sued upon would not deprive plaintiff of the right and opportunity to examine him orally on that point. Indeed it is only as to allegations that are put in issue that a party can, as a rule, examine his adversary. The fact that plaintiff may have personal knowledge as to the subject-matter of the examination would be equally ineffective to take from her the privilege of examining the defendant before trial, if only for the purpose of attempting to elicit admissions on his part which would simplify the preparation for trial and the trial itself. (*La Fourrure* v. *Newman*, 150 App. Div. 920; *Richards* v. *Whiting*, 127 id. 208.)

Defendant, however, attempts to bring this action within the rule applied to suits for alienation of affections, breach of promise, and torts in general, in which it is the established practice of this department to deny a general examination on grounds of policy. (*Wessel* v. *Schwarzler, No. 1*, 144 App. Div. 587; *Wessel* v. *Schwarzler, No. 2*, Id. 589. See, also, *Bray* v. *Jevons*, 214 id. 306.) But the difficulty with this position is that the complaint alleges nothing more than an agreement by defendant to pay plaintiff $12,000 quarter-annually for her life in consideration of her promise not to accept employment to sing for hire that would require her absence from New York city for more than two days at a time, and her engagement to sing for charity and community service whenever requested to do so by defendant. There is nothing in that pleading which would justify the classification of the cause of action therein set forth in the category of those mentioned above where the exercise of a wise discretion requires the refusal of the examination.

Defendant's attorneys, by affidavit, attempt to show, among other things, that the examination is sought for an ulterior purpose and not with a view to preparing for trial. It may well be that their appraisal of plaintiff's action is quite correct, but in the present state of the record one would be required to indulge in speculation to arrive at that conclusion.

On an application of this character, the court, of course, does not pass upon the merits, and upon the trial of the issues it may develop that plaintiff will not prevail. Although, it is true, plaintiff appears to have announced that the object of her action was to vindicate her position and not to extract money from the defendant, there is not sufficient proof that plaintiff's motives are such as to necessitate the denial of the examination.

Litigants may and undoubtedly often do prosecute suits for money judgments although they are more interested in the principle involved or the personal vindication obtained than in the money recovered. The fact that the money judgment may be only an incidental objective should not deprive plaintiff of the right to an examination if the plaintiff would otherwise have it. The interviews upon which defendant relies quote plaintiff's attorney as stating in his client's presence that this action has nothing whatever to do with marriage or any purported engagement. The evidence in the record which may be said to tend in the direction of an unworthy ulterior purpose is the publicity given by plaintiff to the suit. In my opinion this is insufficient, without more, to establish the existence of such a purpose. In order to defeat the examination the proof of evil and sinister objects must be more clear and convincing. If it is sought to draw the inference that the club of possible publicity is being held over the defendant's head to force from him the payment of money, it need only be indicated that publicity has already been given to the litigation, and there is no evidence that the examination will work any further discomfiture or embarrassment to defendant by eliciting information which has not already come to light. However, in order to minimize the chances for such prejudice the examination will be directed to proceed before Hon. Mark Eisner as referee and will be confined strictly to the issues. Paragraph 1 of the notice relates to immaterial matter and will, therefore, be eliminated, as will paragraph 4, which deals with conclusions of law, the facts claimed to justify such conclusions being sufficiently embraced in paragraph 3.

Motion to vacate denied, except that the examination will be limited to extent indicated. Settle order.