Clara Goldstein Levin, Plaintiff, *v.* Emil Charles Levin and Others, Executors, etc., of Sigmund Levin, Deceased, Defendants.*

Supreme Court, Westchester County, February 18, 1936.

*B. Leo Schwarz* [*Gustave B. Garfield, Maurice V. Seligson* and *Max L. Kane* of counsel], for the plaintiff.

*Emil Levin* [*Herman A. Gray* of counsel], for the defendants.

* See, also, 157 Misc. 156; Id. 372.

CLOSE, J.   The defendants' notice of motion is based upon the pleadings, the demand for the bill of particulars and the bills of particulars furnished.   Consequently, they are not limited to the bare allegations of the complaint.   (Civ. Prac. Act, § 476; Rules Civ. Prac. rule 112; *Russell* v. *Societe Anonyme, etc.,* 268 N. Y. 173.) This being true, it is clear that the consideration for the alleged contract is indivisible.   There is only one contract, viz., a contract to enter into a marriage that would concededly be void, as one of the parties was already legally married to another.   There was no separate contract for society and companionship.   Assuming this to be true, such a contract would under the circumstances here, be against public policy and, therefore, void.   It is not necessary to spread the facts involved upon the record.   The plaintiff's position is untenable.   Motion is granted.