### (January 15, 1940.)

ROSE BRONHEIM, Appellant, v. JOHN M. KELLEHER, Individually and as Trustee under the Last Will and Testament of JOHN J. KELLEHER, Deceased, Respondent. — Motion for an order substituting John J. Kelleher, as administrator of John M. Kelleher, deceased, in place of John M. Kelleher, and for other relief. The action was brought to recover damages for personal injuries sustained by plaintiff when the ceiling in a market fell on her. The defendant died after a judgment and during the pendency of the appeal in this court. The appeal was submitted and, without knowledge of the defendant's death, the judgment was reversed on the law and a new trial granted. Sections 557 and 578 of the Civil Practice Act, relating to the death of a party pending an appeal, lead to the conclusion that until substitution the appeal cannot be heard. (*Matter of O'Esau* v. *Bliss Co.*, 224 N. Y. 701.) It follows, therefore, that the proceedings had in this court after the death of the defendant were null and without effect. (*Blake* v. *Griswold*, 104 N. Y. 613; *Forte* v. *Locke Insulator Corporation*, 243 App. Div. 684.) The decision of this court dated May 23, 1939 (257 App. Div. 849), is annulled, the order entered thereon is vacated, the motion for substitution granted (*Reed* v. *Farrand*, 198 N. Y. 207), the title of the action amended accordingly, and the appeal marked " submitted." In all other respects the motion is denied. It is unnecessary at this time to pass upon the motion as to abatement and the other relief sought. The case having been fully considered, the decision on the appeal is as follows: From a judgment dismissing the plaintiff's complaint at the close of her case the plaintiff appeals. In so far as the judgment dismisses the plaintiff's complaint against John M. Kelleher in his capacity as trustee under the last will and testament of John J. Kelleher, deceased, upon the affidavit of the attorney for the appellant that as to such defendant the action is abandoned, the judgment in that respect is unanimously affirmed, without costs. In so far as the judgment dismisses the plaintiff's complaint as to John M. Kelleher individually, it is reversed on the law and a new trial granted, with costs to appellant to abide the event. The plaintiff attempted to establish the defendant's liability on several theories: (1) That the premises were let for a public use and, at the time of the letting, defects existed therein which made the premises unsuited and dangerous for public use. Evidence tending to establish this theory was excluded. The evidence was competent and should have been admitted. (*Swords* v. *Edgar*, 59 N. Y. 28; *Lusk* v. *Peck*, 199 id. 546; *Eckler* v. *Rochester Packing Co.*, 264 id. 605.) (2) That the defendant, as landlord, retained control of the roof and had let the roof to another tenant. This evidence was also admissible and its exclusion was error. (3) That the tenant in possession at the time of the accident was a monthly tenant and not a tenant under a written lease. If this theory was established the defendant would be responsible for any nuisance existing at the time of the last monthly letting. Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ., concur.