SUZANNE A. ROTH, Plaintiff, *v.* SIMON I. PATINO, Defendant.

Supreme Court, Special Term, New York County, June 20, 1945.

*Leonard P. Moore, Marjorie Quinn* and *Henry D. Bulkley* for defendant.

*B. Leo Schwarz* for plaintiff.

SCHREIBER, J. Defendant moves for judgment on the pleadings, testing the enforcibility, as a matter of law, of an extraordinary oral contract alleged to have been made in France in June, 1940. Plaintiff was then twenty years old and had shortly before been married to a man named Roth. Defendant, likewise married, was at that time about eighty. Under the agreement as alleged, plaintiff, in consideration of $1,000 per month, '' during the remainder of the plaintiff's natural life '', was to devote all or substantially all her time to defendant; to account to him for all her waking moments; to be at his beck, call and direction as he should desire; to consider and act towards him as if he were her father; to obey his wishes as to her deportment, conduct, habits, associations, friends, time, entertainment and education; to act as his companion at all times requested by him; and to accompany him to various places. At the end of this paragraph of the complaint is stated '' so long as none of the foregoing were not inconsistent with the relationship of the plaintiff to her husband.''

It may be that, as pleaded, there is here nothing necessarily meretricious. But even thus credulously viewed, the instant agreement offends deep-rooted principles of morality and public policy. A wife whose every waking moment is accountable to another man, who is at his beck and call, and who is to obey him alone in vital and intimate matters, is a concept grossly repugnant to any civilized society based on the sanctity of marriage. The utter irreconciliability of such duties to another man is not rendered otherwise by the facile exclusion of those '' inconsistent '' with the relation of plaintiff to her own husband or by the characterization of defendant as father or uncle.

No public policy condemns an agreement, not conflicting with marriage, involving society and companionship purely (cf. *Hempel* v. *Heckscher,* 131 Misc. 91, revd. on other grounds, 222 App. Div. 896; *Levin* v. *Levin,* 159 Misc. 230, affd. 253 App. Div. 758); and agreements indirectly and incidentally and not unreasonably disturbing to the marriage relation and not tending to destroy it are not to be declared invalid. (*Matter of Rhinelander,* 290 N. Y. 31; 6 Williston on Contracts [Rev. ed.], § 1741.) But the agreement at bar is so directly and completely

inconsistent with, and destructive of, plaintiff's marriage, and defendant's as well, as to be utterly void in our system of morals. (*Gould* v. *Gould*, 261 App. Div. 733; *Sweinhart* v. *Bamberger*, 166 Misc. 256, affd. 254 App. Div. 665.)

A like result is reached on other, if narrower, grounds. The agreement is oral and not to be completed before the end of a lifetime and is thus unenforcible under the Statute of Frauds. (Personal Property Law, § 31, subd. 1; *Bayreuther* v. *Reinisch*, 264 App. Div. 138, affd. 290 N. Y. 553; *In Re Keeler's Estate*, 53 N. Y. S. 2d 61; *Tinto* v. *Howard*, 52 N. Y. S. 2d 245; *Weiss* v. *Weiss*, 268 App. Div. 1058.) The place of performance of this contract, made in France, is by its terms in this State and the law of New York may thus fairly be found to be applicable. (*Bitterman* v. *Schulman*, 265 App. Div. 486; *Russell* v. *Societe Anonyme d. E. Aeroxon*, 268 N. Y. 173.) And even if French law be applicable to this contract, it must yield, under recognized principles, to the law of this State where dictated by considerations of morals and public policy. (*Straus & Co.* v. *Canadian Pacific Ry. Co.*, 254 N. Y. 407.)

Additional causes of action, involving alleged identical promises by defendant on the occasion of plaintiff's entry into the United States and defendant's statement in writing to the Government regarding her support are insufficient for like reason, and are not taken out of the statute by the incomplete and insufficient writing, as given in the bill of particulars (*Poel* v. *Brunswick-Balke-Collender Co.*, 216 N. Y. 310), which, at best, is merely an indemnification to the Government against the immigrant's becoming a public charge (U. S. Code, tit. 8, § 158). There is thus no sound basis for the claim that defendant entered into a binding contract with the United States to pay plaintiff $1,000 per month on which she may maintain this action as a third party beneficiary. The agreements in these causes are alleged to have been made and were to be performed in New York and to them the law of this State, in any event, clearly applies.

It follows that defendant's motion should be granted and the complaint dismissed. Settle order.