CHARLES A. REINWALD, Plaintiff, *v.* CHEMICAL BANK & TRUST COMPANY, Defendant.

Supreme Court, Special Term, Queens County, December 14, 1953, on reargument, January 26, 1954.

*Allen F. Maulsby* and *Donald H. Rivkin* for defendant.

*Charles A. Reinwald,* plaintiff in person.

COLDEN, J. Upon this motion by the defendant for judgment on the pleadings dismissing the complaint as amplified by the bill of particulars of the plaintiff, the latter has cross-moved to amend said bill in the respects set forth in the notice of cross motion and has served a '' Notice of papers plaintiff expects to read in opposition to defendant's motion for judgment on the pleadings '' to which are annexed the demands for bills of particulars of the respective parties and the defendant's bill of particulars served on December 4, 1953.

The plaintiff's cross motion is granted and in the consideration of the defendant's motion for judgment on the pleadings, the court has read the respective demands and the parties' bill of particulars as amended. (Civ. Prac. Act, § 476; *Levin* v. *Levin,* 159 Misc. 230, affd. 253 App. Div. 758.)

Assuming that the agreement alleged in paragraph " 5 " of the complaint claimed to have been entered into between the testator and the defendant meets the requirements of the applicable Statute of Frauds and contains no infirmities for indefiniteness or ambiguity, it is, nevertheless, unenforcible insofar as it purports to bind the defendant in its selection of counsel " when any legal services are required in connection with the probate " of the testator's last will and testament and the handling of his estate. In this court's opinion, such an agreement is no more binding upon the fiduciary than a testamentary direction in a will (*Matter of Caldwell,* 188 N. Y. 115), since the relationship contemplated is that of an attorney and client — a relationship which is so delicate and confidential in nature that the utmost confidence must prevail. (*Matter of Wallach,* 164 App. Div. 600, 602, affd. 215 N. Y. 622.)

In addition, an attorney retained to perform legal services in a particular matter, suit or proceeding may be discharged by his client at any time with or without cause, without recourse to damages for breach of his retainer agreement, being relegated exclusively to an action for the reasonable value of his services to the time of discharge. (*Martin* v. *Camp,* 219 N. Y. 170.) The plaintiff urges that the agreement here sued upon falls within the exception to the foregoing rule which arises when a client employs an attorney to perform general legal services for a specific period at a fixed compensation in which case the discharge of the attorney, without cause, renders his client liable for breach of contract. (*Greenberg* v. *Remick & Co.,* 230 N. Y. 70.) This court is unable to agree with the plaintiff's view since an agreement to retain an attorney to perform legal services in connection with the probate of a will and the handling of an estate is one for a definite purpose and not a general retainer. (Cf. *Matter of Montgomery,* 272 N. Y. 323, 326.) Accordingly, the court is constrained to grant the defendant's motion.

Submit order.

(On reargument, January 26, 1954.)

Motion by the plaintiff for reconsideration by this court of its decision dated December 14, 1953, granting the defendant's motion for judgment on the pleadings, vacating the order dated December 17, 1953, directing the entry of judgment in accordance and for leave to amend his complaint by alleging two additional causes of action.

To the extent that the motion seeks reargument, it is granted. So far as it seeks leave to amend the complaint by alleging two additional causes of action, it is denied inasmuch as it is the court's view that if the plaintiff cannot recover upon the theory pleaded in the present complaint, he cannot upon the basis of the proposed additional causes of action.

In rendering the original decision, the court gave earnest consideration to the plaintiff's contentions and reached the conclusion that no matter how effected (see, however, *Matter of Roth,* 291 N. Y. 1), a decedent cannot dictate the choice of his executor's counsel in connection with the administration of his estate. Nothing that has been pointed out upon the instant application warrants the court taking a different view. For the reasons stated in the memorandum of this court dated December 14, 1953, the defendant's motion for judgment on the pleadings is again granted.

Submit order.