CHARLES A. REINWALD, Appellant, v. CHEMICAL BANK & TRUST COMPANY, Respondent.— In an action by plaintiff, an attorney, to recover for breach of an oral agreement alleged to have been made by defendant with a person since deceased, to retain the plaintiff as its attorney in the probate of the will of such deceased person, and in any other matters pertaining to the estate, plaintiff appeals (1) from so much of an order, dated December 17, 1953, as granted defendant's motion for judgment on the pleadings; (2) from so much of an order dated February 5, 1954, on reargument as adhered to the original decision and denied plaintiff's motion to amend his complaint; and (3) from the judgment dismissing the complaint. Order of February 5, 1954, insofar as appealed from, and judgment unanimously affirmed, with $10 costs and disbursements. Appeal from order of December 17, 1953, dismissed, without costs. That order was superseded by the order on reargument. Assuming as stated in the bill of particulars that letters, writings and memoranda are in the possession of defendant and are subscribed by it and contain a promise by the defendant to retain the plaintiff, he has no cause of action against the defendant for its refusal upon request to retain him. Other than the agreement of the testator not to change the designation of the defendant as executor in the will which was executed about fifteen years prior to the alleged oral agreement, no consideration is alleged for the promise of defendant. The plaintiff is not within any class of persons not parties to a contract who have been held entitled in this State to demand performance of the contract. (*Seaver* v. *Ransom,* 224 N. Y. 233.) The testator could not by a provision in his will compel the retainer of the plaintiff by any executor the testator might have substituted for the defendant. (*Matter of Wallach,* 164 App. Div. 600, affd. 215 N. Y. 622.) He could have provided that in the event defendant did not retain the plaintiff, another was to be the executor. (*Matter of Roth,* 291 N. Y. 1.) But such alternative executor would not be bound to hire the attorney designated. In view of the policy to

deny to a testator power to control an executor in the choice of an attorney and the necessity for compliance with the statute governing wills when an instrument purely testamentary in character is executed, an agreement such as here pleaded, should confer no greater right on an attorney than he would have if a testator directed an executor to retain him or forego appointment as executor. Present — Nolan, P. J., Adel, MacCrate, Schmidt and Murphy, JJ. [205 Misc. 335.] [See *post*, p. 1079.]