Cymbeline D. Cummings *vs.* Louis R. Brenci, executor.

Suffolk. April 3, 1956. — May 8, 1956.

Present: Qua, C.J., Wilkins, Williams, Counihan, & Whittemore, JJ.

*Married Woman. Contract,* Validity, For personal services. *Public Policy.*

A contract between a married woman living apart from her husband without a legal separation and a middle aged man in whose house she lived with her minor daughter, whereby she was to render various services to him there as long as he lived in consideration of his promise to make a will leaving all his property to her child, was not void as against public policy by reason of any effect it might have upon her marital relationship.

CONTRACT. Writ in the Superior Court dated May 21, 1952.

The action was heard by *Collins, J.*

*Angelo Morello, (Walter E. Steele* with him,) for the defendant.

*James M. Graham, (Simon B. Stein* with him,) for the plaintiff.

Whittemore, J. The plaintiff brought this action of contract to recover the fair value of services to the defendant's testator under an oral contract to render service in consideration of the promise of the defendant's testator to make a will leaving all his property to the plaintiff's minor child. The jury found for the plaintiff. The defendant excepted to the refusal of the trial judge to direct a verdict and to instruct, in substance, that if the jury found that at the time of the alleged agreement the plaintiff was married and not living apart from her husband for justifiable cause the contract was void because against public policy in that it involved the breaking of the marriage contract and if void there could be no recovery thereon. There was no error.

The relevant facts were apparently not in dispute.   There was evidence from which the jury could have found a case made out according to the declaration, and supporting recovery, *Downey* v. *Union Trust Co.* 312 Mass. 405, 411; *Stoney* v. *Soar*, 322 Mass. 408, 411; *Hollister* v. *Old Colony Trust Co.* 328 Mass. 225, 228; *Turner* v. *White*, 329 Mass. 549, 553–554; *Delorafano* v. *Delafano*, 333 Mass. 684, 687, unless recovery was barred on the ground asserted in the requests for instructions.

The plaintiff at the time of the making of the contract in 1943 was living with her minor daughter in the house in which the testator lived.   The house was owned equally by the plaintiff's mother and the testator.   The plaintiff was a night club entertainer who lived apart from her husband without a legal separation.   The work to be done included taking care of business affairs in the house used as an office, taking care of the testator's room, and doing "his work until the time I had to leave in the evening for my evening job; and most of the time that would be eight o'clock . . . ." "The household work was to be done by my mother."   The plaintiff was to do this work as long as the testator lived and to do for him "whatever he needed me to do."   "No thought was given to the fact that I might not want to stay and work for him — it was an accepted fact."   The plaintiff performed services for the testator until he died on March 24, 1951, except for one year when she was away on a trip.   The services actually rendered included office and business work, housekeeping work of all kinds, taking care of the testator when he was ill, doing his laundry, and buying his wearing apparel.

The testator was about seventy years old when he died and the plaintiff was twenty-nine or thirty.

A married woman may make contracts with others than her husband, her work and labor for others than husband and children in the absence of an express agreement to the contrary are presumed to be performed on her own account, and she may sue and be sued except that suits between hus-

band and wife are not authorized. G. L. (Ter. Ed.) c. 209, §§ 2, 4, and 6. "By virtue of this legislation, a married woman becomes . . . a distinct and independent person from her husband, not only in respect to her right to own property, but also in respect to her right to use her time for the purpose of earning money on her sole and separate account. . . . [Her husband] can appropriate neither her earnings nor her time. Her right to employ her time for the earning of money on her own account is as complete as his . . . . This may interfere with his right to and enjoyment of her society and services. But this is a consequence which the Legislature must be deemed to have foreseen and intended." *Harmon* v. *Old Colony Railroad*, 165 Mass. 100, 104.

We find no public policy which prevents a wife from making an employment contract for a part of her time and services for the lifetime of a middle aged employer even though the contract may have an effect upon the marital relationship. Compare *Roth* v. *Patino*, 185 Misc. (N. Y.) 235, 236–237 (reversed on other grounds 298 N. Y. 543); *Merchants National Bank* v. *Cotnam*, 250 Ala. 316, 327–328.

*Exceptions overruled.*