JULIUS BARRETT, ASSIGNEE OF O. R. SWETT, INSOLVENT,

v.

B. F. KELLEY.

May Term, 1894.

*Conflict of laws.   Foreign contract.   Comity.*

1.  If an agent receives in Vermont a proposition for a contract of sale and transmits the same to his principal, a resident of Massachusetts, at Boston, who there accepts the proposition and ships the article by freight to the purchaser in Vermont, the sale is a Massachusetts contract.

2.  If, under the laws of Massachusetts, the title to the property, by the terms of the contract of sale, would remain in the vendor as against attachment or insolvency, the courts of Vermont will, as matter of comity, give that effect to the contract in this state, although by the laws of Vermont it would be otherwise.

Trover for the conversion of a safe.   Heard upon an agreed statement of facts at the April term, 1893, Franklin county, Thompson, J., presiding.   Judgment for the plaintiff.   The defendant excepts.

In the spring of 1892 O. R. Swett was engaged in the meat business at St. Albans, Vt.   April 30 of that year he gave to a travelling agent of E. C. Morris & Co., of Boston, Mass., an order for a safe in the following words and figures:

"Boston, Mass., April 30, 1892.
*E. C. Morris & Co., Boston, Mass.:*

"Please ship one No. 13 safe, fire proof, to O. R. Swett, town of St. Albans, county of Franklin, state of Vermont, for which I agree to pay the sum of seventy-five dollars on demand, after receipt of safe, as per back of this order.

· "The safe remaining the property of E. C. Morris & Co. until deferred payments or notes are paid in full, and as such shall be protected from all claims whatsoever until this contract is fully complied with. In default of payment as agreed the safe to be returned (if demanded) without legal process, expense or trouble to you, and any payments made to be held for use of safe. This order and agreement, when accepted by E. C. Morris & Co., in Boston, shall take effect as a contract made and executed in the state of Massachusetts. This order constitutes and contains the only agreements made with you or your salesman in relation thereto, and the party signing same hereby waives all claims of verbal or other agreements not embodied on the face or back of this order. Nothing but shipment, delivery or notification in writing constitutes an acceptance of this order by E. C. Morris & Co.

(Signed) O. R. Swett."

On end of order.

"This order subject to E. C. Morris & Co.'s approval, and it is distinctly understood and agreed that this order shall not be countermanded by the maker or makers of the same. Safe to be delivered on cars at their warehouse or factory.

St. Albans, Vt."

Morris & Co. received and accepted the order at Boston and shipped the safe from there to Swett, who received it at St. Albans, May 10, and put it into his store, where it remained until taken by the defendant.

August 11, 1892, Swett filed his petition in insolvency. August 22 he was adjudged an insolvent and the plaintiff appointed his assignee. August 24 the plaintiff attempted to take possession of the safe, but was prevented by the defendant, who, acting under the instructions of Morris & Co., on the same day shipped it to them at Boston.

Under the law of Massachusetts Morris & Co. could hold the safe against insolvency proceedings or attaching creditors.

*Farrington & Post* for the defendant.

The contract was a Massachusetts one, and under the laws of that state Morris & Co. could hold the safe. *Norris* v. *Sowles*, 57 Vt. 360.

*Dee & George* for the plaintiff.

The assignee in insolvency has the right of an attaching creditor. *Collender Co.* v. *Marshall*, 57 Vt. 233; *Platt, Assignee*, v. *Con. Ins. Co.*, 62 Vt. 166.

The law of the place prevails in questions of preference in insolvency proceedings. 2 Kent. Com. (12th Ed.), 407, 461; *Platt, Assignee*, v. *Con. Ins. Co.*, 62 Vt. 166.

ROSS, C. J.   On the agreed facts, by the terms of the order given by the insolvent, at St. Albans, the agent who took the order was only a soliciting agent, with no authority to make an absolute contract which would bind E. C. Morris & Co. to a sale of the safe in controversy.   He could simply take an order therefor, from the insolvent, and transmit it to E. C. Morris & Co., who resided in Boston, and who then had the safe in their possession at Boston, to be there accepted and approved of by E. C. Morris & Co. When E. C. Morris & Co., in Massachusetts, accepted the order the contract became a Massachusetts contract, as much so, as it would have been, if the insolvent, in person, had, in Boston, given the order, and E. C. Morris & Co. had there accepted it, the safe then being there in the possession of E. C. Morris & Co.   By the terms of the order and its acceptance, the safe was to remain the property of E. C. Morris & Co. until fully paid for.   It is agreed that, under the laws of Massachusetts, E. C. Morris & Co. could hold

the safe against insolvency proceedings and attaching creditors. The defendant, Kelley, stands in the rights of E. C. Morris & Co., and the plaintiff, in those of the creditors of the insolvent, O. R. Swett. *Collender Co.* v. *Marshall*, 57 Vt. 232. The question, therefore, is whether the contract for the sale of the safe which was made in Massachusetts, and the safe, which by the laws of that state was exempt from attachment and execution by the creditors of O. R. Swett, and from insolvency proceedings against him, became subject to the laws of this state, in regard to attachment, execution and insolvency proceedings, the same they would have been if the property had been in this state and the contract for its conditional sale had been made here? On the authority of *Cobb* v. *Buswell,* 37 Vt. 337, where this question was fully considered by this court, it must be held, that the rights of E. C. Morris & Co. to the safe, remain and, by comity of law, will be in force here, the same as fixed by the contract under the laws of Massachusetts, where the safe was, and the contract in regard to its conditional sale was made. Under this view of the contract, and law governing it, and the safe which was the subject of the contract, the

*Judgment of the county court is reversed, and judgment rendered for the defendant to recover his costs.*