PETER J. TREEFULL & another *vs.* EDWIN J. MILLS.

Bristol. October 27, 1919. — November 25, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Conversion. Agency,* What constitutes. *Evidence,* Relevancy and materiality. *Assignment,* For benefit of creditors. *Sale,* Conditional.

At the trial of an action of tort for the conversion of a soda water fountain and fixtures, it appeared that the fountain and fixtures had been purchased from a corporation under a contract of conditional sale providing for payment in instalments, for which promissory notes were given by the purchaser, the title to remain in the corporation until full payment of the notes; that, at a time when the purchaser was in default in his payments and several of the overdue notes had been sent to an express company for collection, he made an assignment for the benefit of his creditors to the defendant, who forthwith took possession of the fountain; that seven days after the assignment the plaintiff arranged with the vendor corporation to purchase the fountain, forwarded to it his check in payment of the agreed price and immediately informed the defendant thereof;

that the next day thereafter the defendant went to the express company's office, paid to the agent a note which had matured two days after the assignment and agreed to pay all the notes then overdue if the agent would procure them from the vendor corporation to whom the agent had returned them when they were unpaid, to which the agent assented; that the following day the plaintiff received from the vendor corporation a bill of parcels of the goods, showed it to the defendant and demanded the goods, which the defendant refused to deliver.. *Held,* that

(1) A finding for the plaintiff was warranted;

(2) The defendant's offer to the agent of the express company to pay the overdue notes, if the agent would procure them, was not valid as a tender;

(3) The promise of the agent of the express company did not affect the plaintiff, because, at the time it was made, the title of the goods and the immediate right to their possession were in the plaintiff and the agent of the express company was not the plaintiff's agent;

(4) The rights of the parties were not determined solely by the contract of conditional sale, but were affected vitally by the subsequent facts above described;

(5) It could not be ruled as a matter of law that the action was an attempt to evade R. L. c. 198, § 11, relative to redemption from a conditional sale;

(6) The bill of parcels from the vendor corporation to the plaintiff, sent the day after the oral agreement of sale between them and the sending of the plaintiff's check to the corporation, was admissible in evidence.

TORT for the alleged conversion of a soda fountain and its fixtures. Writ in the Second District Court of Bristol dated September 3, 1912.

On appeal to the Superior Court, the case was heard by *White,* J., without a jury.. The material evidence is described in the opinion. At the close of the evidence, the defendant asked for the following rulings:

"1. Upon all the evidence the plaintiffs are not entitled to recover.

"2. The rights of the parties are to be determined solely by the contract contained in the lease and the lien notes.

"3. At the date of the assignment to the defendant, Jackson had a transferable interest in the goods in suit which passed to the defendant under this instrument.

"4. Under the assignment to the defendant he represented the creditors of Albert Jackson.

"5. At the date of the attempted transfer from the conditional vendor to the plaintiffs, the goods in suit were in the possession of the defendant as representative of Jackson's creditors, and such attempted transfer conveyed no title to the plaintiffs

as against them sufficient to enable the plaintiffs to maintain this action.

"6. The defendant's offer to pay the lease notes if and when they should be produced was a sufficient tender.

"7. This action is àn attempt to evade the statute giving the right of redemption in cases of conditional sales and cannot be sanctioned."

The judge refused to rule as requested and found for the plaintiffs in the sum of $90. The defendant alleged exceptions.

R. L. c. 198, § 11, referred to in the seventh ruling asked for by the defendant, is as follows: "If a contract for the sale of personal property is made on condition that the title thereto shall not pass until the purchase money has been fully paid and the vendor upon default takes from the vendee possession of the property, the vendee may, within fifteen days after such taking, redeem the property so taken by paying to the vendor the full amount then unpaid, with interest and all lawful charges and expenses due to the vendor."

The case was submitted on briefs.

*F. A. Pease,* for the defendant.

*A. G. Weeks,* for the plaintiffs.

DE COURCY, J. On May 24, 1909, Albert Jackson purchased on lease or conditional bill of sale from the American Soda Fountain Company (hereinafter called the Fountain Company) a soda fountain, fixtures, and soda water apparatus. The consideration was $300, paid in promissory notes of $10 each, maturing at intervals of one month. Until all the notes should be paid the title to the property was to remain in the Fountain Company, "who shall have the right, in case of non-payment of either of said notes, without process of law, to enter and retake, immediate possession of said property, wherever it may be, and remove the same."

On May 31, 1911, Jackson made an assignment of all his property for the benefit of creditors to the defendant, who at once took possession of the property in suit. At that time Jackson had defaulted on several of the lease notes. These had been sent to the Adams Express Company for collection as they became due. On June 7, 1911, the plaintiffs arranged with the Fountain Company to purchase the fountain and fixtures in question, and for-

warded a check to cover the agreed price. They immediately informed the defendant of what they had done; and on June 9 showed him the receipted bill of parcels dated June 8, which the Fountain Company had sent to them. Meanwhile the defendant on June 8 went to the office of the express company, and paid the note which matured June 2. According to his testimony, he agreed to pay the lease notes then unpaid, if the agent would procure them from the Fountain Company, to which they had been returned; and the agent assented. This agent transmitted the money paid, and on June 14 notified the Fountain Company that Jackson requested that it immediately forward all notes it had against him. On June 9 the plaintiffs showed the receipted bill of parcels to the defendant, and told him they wanted to take away the soda fountain. Upon his refusal, this action was brought for the alleged conversion of the property.

From the foregoing it is clear that the trial judge was warranted in refusing to give the defendant's first request, and in finding for the plaintiffs. They had succeeded to the title and right of possession of the Fountain Company. The defendant's assignor, Jackson, was in default on his payments. The alleged "tender" of the defendant was incomplete; and the promise of the agent of the express company, who merely had the note due June 2 for collection, could not bind these plaintiffs, who had then succeeded to the title of the Fountain Company. It is unnecessary to consider whether he ever had authority to bind that company by a promise to procure from it the other unpaid notes.

The second ruling requested by the defendant has not been argued. However, it was properly refused, because the rights of the parties were vitally affected by facts which occurred subsequent to the execution of the lease and notes. The defendant was not harmed by the refusal to give his third and fourth requests, as we have assumed both in his favor. The others were refused rightly. Finally, there was no error in admitting the bill of parcels in evidence. It identified the goods which the plaintiffs had bought from the Fountain Company, and was a formal recognition of the terms of the oral contract which had been made.

*Exceptions overruled.*