CAMBRIDGE MOTOR COMPANY *vs.* HARRY F. ESTABROOK.

Suffolk.    October 20, 1924. — November 26, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Sale. Evidence,* Competency. *Practice, Civil,* Exceptions.

At the trial of an action for the purchase price of a motor tractor and pulley, there was evidence, controverted by the evidence of the defendant, tending to show that the defendant requested of the plaintiff that a "demonstrating tractor" be sent to his farm; that the tractor was sent and a demonstration given; that he then expressed satisfaction with the demonstration and ordered, accepted and received a tractor and pulley which were delivered at his farm; that he agreed to pay the price either in cash, or by a part payment and "a lease" with promissory notes payable in instalments; that although the defendant thereafter refused to sign a lease, he continually promised, in response to demands by the plaintiff, to make full payment, but finally repudiated the sale. A motion by the defendant that a verdict in his favor be ordered was denied and there was a finding for the plaintiff. *Held,* that

(1) It was proper to refuse to order a verdict for the defendant;

(2) It was proper to refuse to rule that title had not passed and that there was no acceptance of the property within the meaning of G. L. c. 106, § 6.

At the trial above described, an officer of the plaintiff, a corporation, testified in substance that when the bargain was struck the defendant said, "I will pay for it probably in cash, and if not I will pay for it as I do my cars," which he had always bought on a lease. He was shown a lease in cross-examination and was asked, "Look at that paper . . . and see whether it was not the usual form of lease." The officer answered, "That looks like the lease." The defendant then to contradict the witness offered the paper shown to him. The evidence was excluded. *Held,* that the exclusion was proper.

An exception will not be sustained to a ruling excluding a question of a witness as to a conversation where it is not shown what answer was expected from the witness and whether its exclusion was prejudicial.

CONTRACT for $1,359.80, the purchase price of a tractor and pulley alleged to have been sold to the defendant by the plaintiff. Writ dated March 30, 1922.

In the Superior Court, the action was tried before *Irwin,* J. Material evidence is described in the opinion. At the close of the evidence, a motion for a verdict for the defendant was denied. The defendant also asked for the following rulings:

"2. Upon all the evidence, title to the tractor in question did not pass to the defendant."

"6. Upon all the evidence, there was no acceptance or actual receipt by the defendant of the tractor and equipment in question, or any part thereof, within the meaning of G. L. c., 106, §§ 5, 6."

The requests were refused. There was a verdict for the plaintiff in the sum of $1,414.19. The defendant alleged exceptions.

The case was submitted on briefs.

*W. F. Porter, G. A. Douglas, & J. J. Butler*, for the defendant.

*J. J. Enright & H. M. Dowd*, for the plaintiff.

BRALEY, J. This is an action of contract for the price of a Ford tractor and pulley. The defendant, who owned and cultivated a large farm, went to the plaintiff's place of business and directed it to send to the farm a "demonstrating tractor." The tractor was sent, and a demonstration was given. The evidence was conflicting whether a completed sale for a new tractor followed as the plaintiff claimed, or whether as the defendant contended, there was to be no sale unless he executed a conditional agreement or lease, and that, having refused, no title passed. The jury would have been warranted in finding on the testimony introduced by the plaintiff, that the defendant expressed satisfaction with the work of the demonstrating tractor, and ordered, accepted and received a tractor which with the pulley was delivered at the farm. The jury also could find, that he agreed to pay the price either in cash, or by "a down payment" and sign a lease, with promissory notes payable in instalments, and although the defendant refused to sign a lease, yet he continually promised in response to the plaintiff's demands to make full payment, but finally repudiated the sale, and, the market price having appreciably declined, bought a second-hand "Case tractor." It is plain that a verdict for the defendant could not have been ordered; nor could rulings have been given, that the title had not passed, and that there was no acceptance of the property within the meaning of G. L. c. 106, § 6. The plaintiff had delivered the property, and it

was for the jury to determine whether delivery and payment were concurrent conditions. *Haskins* v. *Warren*, 115 Mass. 514. *Schmoll Fils & Co. Inc.* v. *Wheeler*, 242 Mass. 464, 469. G. L. c. 106, §§ 30, 31.

The plaintiff's witness Thomas having testified that, when the bargain was struck, the defendant said, "I will pay for it probably in cash, and if not I will pay for it as I do my cars," which he had always bought on a lease, he was shown a lease in cross-examination, and, in reply to the question, "Look at that paper . . . and see whether it was not the usual form of lease," answered, "That looks like the lease." The defendant then offered the paper to contradict the witness. It was excluded rightly. The defendant had testified, and his evidence was not contradicted, that he had refused to sign a lease and that no lease had been given. The lease and notes left with the defendant by the plaintiff's agent formed no part of the alleged contract, and the form of lease offered was moreover not shown to be of the same purport.

The exclusion of a conversation which a witness for the defendant had with two of the plaintiff's witnesses, is not shown to have been prejudicial. It does not appear what answer was expected, and no offer of proof was made. *Goldsmith* v. *Traveler Shoe Co.* 236 Mass. 111, 116.

*Exceptions overruled.*