PACKAGE CONFECTIONERY COMPANY, INC. *vs.* CHARLES E. PERKIT & others.

Suffolk.    November 14, 1932. — January 30, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Sale,* Conditional. *Contract,* Construction, Performance and breach. *Damages,* In contract.

Where there was no delivery by the vendor of a machine to the vendee who had agreed in writing to purchase it, nor conveyance, as provided by the writing, "by a Conditional Bill of Sale in the usual form, reserving title in the seller until the . . . [specified instalment] payments shall have been made," nor execution of "notes" for the purchase price as contemplated by the writing, neither the price nor any instalment of it had become due and, upon a refusal by the vendee to accept delivery, the vendor could recover only damages for breach of the executory contract, although the vendee had not availed himself of a right to cancel the agreement within a certain time specified in the writing and the writing provided that, if such cancellation was not made, he should "be unqualifiedly liable for the purchase of the" machine.

Various provisions of the sales act, by which in some instances title passes before delivery, were *held* to have no application in the circumstances above described, the determination of the governing law not depending upon the transfer of title.

BILL IN EQUITY, filed in the Superior Court on April 12, 1930, and afterwards amended, described in the opinion.

The suit was heard in the Superior Court by *Qua,* J.

Material facts found by him and a final decree entered by his order are stated in the opinion. The plaintiff appealed.

*J. C. Crane,* for the plaintiff.

*J. C. Johnston,* (*V. C. Stoneman* with him,) for the defendants.

LUMMUS, J. This is a suit in equity under G. L. (Ter. Ed.) c. 214, § 3 (8), to reach and apply shares of stock in the defendant Perkit Folding Box Company, Inc., in satisfaction of the liability of the individual defendants upon a written contract with the plaintiff, dated August 27, 1929, for the purchase by the individual defendants of two machines under a conditional sale by which the plaintiff seller was to retain title until the machines should be severally paid for in monthly instalments. The bill as amended claims alternatively the price and damages for breach of the contract to buy, and thus comes within the class of bills with a double aspect, under which a plaintiff may seek the more favorable alternative relief, and, failing that, the other. *Ginn* v. *Almy,* 212 Mass. 486, 493. *Garden Cemetery Corp.* v. *Baker,* 218 Mass. 339, 342. *Chinese American Restaurant Corp.* v. *Finigan,* 272 Mass. 360, 365. The findings of the trial judge are final, since in the absence of the evidence we have no means of revising them.

The judge found no breach of contract by the buyers as to one machine, and the plaintiff does not argue that he was wrong. As to the other, a blanking machine costing $1,000, the contract set forth that the buyer "agrees to buy," and the seller impliedly agreed to deliver; but although the "date of delivery" was referred to, neither the date nor the place of delivery was specified. It was provided that the machine "is to be conveyed by a Conditional Bill of Sale in the usual form, reserving title in the SELLER until the said payments shall have been made," and that the initial instalment shall be payable "upon the acceptance by the BUYER of the said" machine. It was also provided that the buyers, within fifteen days after a test held on January 18, 1930, at the seller's place of business, might cancel the agreement of purchase as to that machine, and that "in the event that such cancelation is

not made as above the right to cancel said portion of this agreement shall be deemed waived by the BUYER who shall be unqualifiedly liable for the purchase of the said Blanking Machine as herein set forth." The buyers refused, though not within fifteen days after the test, to take the machine, and the plaintiff seller, without making or tendering delivery of possession to them, began this suit on April 12, 1930.

The judge found that the contract for the sale and purchase of the blanking machine related to "one particular designated secondhand machine then in the possession of the plaintiff," which was to be the subject of test. He ruled that the right of the buyers to reject the machine for any cause expired at the end of fifteen days after the test. But he ruled that the provision making the buyers "unqualifiedly liable for the purchase" if they did not cancel the contract of purchase within fifteen days after the test meant that they were to be liable upon the contract of purchase but not necessarily liable for the price. He found that no damages beyond nominal damages of $1 had been shown for the breach of the contract to buy. He entered a final decree, ordering the individual defendants to pay the plaintiff $1, but refused to order a sale of the stock to satisfy the decree, because of disproportionate expense, and dismissed the bill against the defendant corporation.

The plaintiff appealed from the final decree. Its sole argument on appeal is that it should have been awarded the contract price of the blanking machine, instead of nominal damages for breach of contract.

In a conditional sale of goods, although the legal title is retained by the seller as security, the delivery to the buyer vests in him an assignable interest or special property that enables him, so long as he pays as agreed, to hold the goods for his own benefit even against the seller, and to divest the title of the seller and vest full title in himself by his own act in paying or tendering (*Dame* v. *C. H. Hanson & Co. Inc.* 212 Mass. 124,) the unpaid balance of the price, without any further act on the part of the seller. *Hyland* v. *Hyland*, 278 Mass, 112, 117. Williston, Sales (2d ed.)

§§ 330–337. G. L. (Ter. Ed.) c. 106, § 24 (a). Compare *Giligian* v. *New England Truck Co.* 265 Mass. 51; *Malden Center Garage, Inc.* v. *Berkowitz,* 269 Mass. 303; *Swallow* v. *Emery,* 111 Mass. 355. The buyer acquires also a right of redemption after default for fifteen days after repossession of the goods by the seller. G. L. (Ter. Ed.) c. 255, § 11. What executes the contract on the part of the seller, and entitles him to recover the price by instalments as agreed, instead of damages for refusal to accept and pay for the goods under the contract, is ordinarily the delivery of possession to the buyer. The fact that the legal title has not passed is no impediment to a recovery of so much of the price as may have become due, for the contract provides for the payment of instalments before the passage of title. *White* v. *Solomon,* 164 Mass. 516. *Smith* v. *Aldrich,* 180 Mass. 367. *Haynes* v. *Temple,* 198 Mass. 372. *International Textbook Co.* v. *Martin,* 221 Mass. 1, 6. Williston, Contracts, § 735. Williston, Sales (2d ed.) §§ 333, 579. We have no occasion to discuss the question whether the failure to pay one instalment makes the whole price due (*Smith* v. *Aldrich,* 180 Mass. 367, *Whitney* v. *Abbott,* 191 Mass. 59, *Frisch* v. *Wells,* 200 Mass. 429, 430, *Schmidt* v. *Ackert,* 231 Mass. 330, Williston, Sales [2d ed.] § 333), or the effect of a suit for the whole balance of the price remaining unpaid upon a later suit for replevin or conversion, or *vice versa.* *Bedard* v. *C. S. Ransom, Inc.* 241 Mass. 74. *Goullious* v. *Chipman,* 255 Mass. 623, 624. *Commercial Credit Corp.* v. *Gould,* 275 Mass. 48, 53, 54. *New England Road Machinery Co.* v. *Vanderhoof,* 19 Fed. Rep. (2d) 331. Williston, Sales (2d ed.) § 571.

Where, however, as in the present case, there has been no delivery to the conditional buyer, no conveyance by "a Conditional Bill of Sale in the usual form" as agreed, and no execution of "notes" for the price as the contract contemplated, neither the price nor any instalment of it has become due, and, upon the refusal of the buyer to accept delivery, the seller can recover only damages for breach of the executory contract. G. L. (Ter. Ed.) c. 106, § 53. *Tufts* v. *Bennett,* 163 Mass. 398. See also *Barrie* v. *Quinby,*

206 Mass. 259; *Snelling* v. *Dine*, 270 Mass. 501; *Cambridge Motor Co.* v. *Estabrook*, 250 Mass. 345. We need not consider whether an express agreement making the price payable before delivery would change this result (Williston, Contracts, § 735, Williston, Sales [2d ed.] § 579, G. L. [Ter. Ed.] c. 106, § 52 [2]), for the trial judge ruled correctly that nothing in the contract required payment of the price before delivery. Various provisions of the sales act, by which in some instances title passes before delivery, have no application, for this case does not depend upon the transfer of title. G. L. (Ter. Ed.) c. 106, §§ 19-24. It is not suggested that the case can be brought within the provisions of G. L. (Ter. Ed.) c. 106, § 52 (3). Williston, Sales (2d ed.) §§ 562-566. Williston, Contracts, §§ 1365-1369.

*Decree affirmed.*