THOMAS G. JEWETT, JR. INC. *vs.* KEYSTONE DRILLER
COMPANY.

SAME *vs.* GEORGE R. CONYNE.

Bristol.   October 27, 1932. — March 31, 1933.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Sale,* Conditional, Delivery.   *Contract,* Construction, Performance and
breach.   *Conflict of Laws.   Sales Act.   Tender.   Practice, Civil,* Re-
quests, rulings and instructions, Exceptions.

A Pennsylvania corporation through an agent in this Commonwealth
made in this Commonwealth a contract of conditional sale in writing
with a Massachusetts corporation by which it agreed "to furnish
f.o.b. Manchester, New Hampshire" a gasoline shovel, to be paid for
in instalments, title to remain in the vendor until it was fully paid
for and, upon failure by the vendee to make payments as stipulated,
the vendor to "have the lawful right to retain any or all partial pay-
ments which have been made and be free to enter the premises where
said equipment may be located and to remove the same as its property
without prejudice to any further claims."   The shovel was delivered
in New Hampshire in accordance with the terms of the contract and
was used there for a few days, after which it remained there, some of
the time in storage, for about nine months, when, the vendee having
defaulted in payments, the vendor, without any notice to the vendee,
took possession of the shovel and shipped it to Connecticut, where
it was sold, no tender nor payment having been made by the vendee
under G. L. (Ter. Ed.) c. 255, § 11, within fifteen days of the time
when the vendor took possession.   In an action by the vendee against
the vendor for conversion of the shovel, it appeared that statutes of
New Hampshire required that, before a sale of personal property for
enforcement of a lien, fourteen days' notice should be given to the
owner by posting and by publication.   The action was heard by a judge
without a jury and there was a finding for the defendant.   The plain-
tiff alleged exceptions.   *Held,* that
  (1) The statute law of New Hampshire was not applicable; LUM-
MUS, J., dissenting;
  (2) Inferences were warranted that the delivery of the shovel in
New Hampshire was for the convenience of the plaintiff in doing
work there lasting, at most, only a season, and that it was intended
that the shovel should then be removed to some other place where
the plaintiff might have use for it;
  (3) A finding was warranted that the parties had no intention
that the performance of the contract of conditional sale was to be in
New Hampshire or that the law of any other State than this Com-

monwealth should govern their rights; and in such circumstances, the fact that the delivery happened to be in New Hampshire was immaterial; LUMMUS, J., dissenting;

(4) The contract was to be construed according to the requirements of the Massachusetts statute, and, no tender nor payment having been made by the vendee under the provisions of G. L. (Ter. Ed.) c. 255, § 11, the vendor acted rightfully and within the contract's express provisions; LUMMUS, J., dissenting;

(5) The finding for the defendant was warranted; LUMMUS, J., dissenting.

The plaintiff had no right to except to a ruling by the judge in the action above described granting his request for a ruling that the conditional sale agreement was a Massachusetts contract.

TWO ACTIONS OF TORT, described in the opinion. Writs dated June 2, 1926.

In the Superior Court, the actions were heard together by *Fosdick*, J., without a jury. Material evidence is described in the opinion of this court. The plaintiff asked for the following rulings:

"1. That the conditional sales agreement dated June 17, 1925, is a Massachusetts contract.

"2. Where the conditional sales agreement contemplates a delivery in a State other than where the contract was made the right of the vendor, upon default, to take possession of the chattel, is determined by the law of the place where the property is situated.

"3. Under the law of New Hampshire, the defendant had a right to take possession of the property upon default and sell the same after a fourteen day notice to the plaintiff, rendering the surplus, if any, to the owner. Pub. Sts. of New Hampshire, c. 141, §§ 3–8. Pub. Laws of New Hampshire, c. 217.

"4. Where the conditional vendor takes possession of a chattel from a third person the time allowed by the statute for redemption does not begin to run until the conditional vendee has notice of repossession by the conditional vendor.

"5. The law of Massachusetts, G. L. c. 255, § 11, provides that the vendee may within fifteen days after the vendor repossesses the chattel, redeem the property by paying to the vendor the amount unpaid with interest and charges and expenses. This statute, however, has no appli-

cation until the chattel comes within the State of Massachusetts.

"6. It is the obligation of the vendor to deliver possession of the chattel to the vendee upon payment by the vendee of the amount due, interest and expenses and delivery must be made immediately upon such payment.

"7. The statute contemplates that reasonable delivery will be made. The defendant is, during his possession for the statutory period, a trustee and shipping the chattel away into the State of Connecticut one hundred fifty miles from the place where it was repossessed, with a statement by the vendor that he contemplated making a delivery in New Haven, is unreasonable and the statute does not begin to run until the vendor may reasonably make delivery to the vendee.

"8. The plaintiff made a tender of the amount due under the conditional sales contract. He offered to pay to the defendant all amounts then due including interest and lawful charges, that on May 28, 1926.

"9. There need be no actual production of the money where the party to whom it is due will not receive it or where the party to receive it declares that for any reason he will not receive it.

"10. The plaintiff is excused from the requirements of making tender if the defendant has put himself in a position where he cannot make a delivery to the plaintiff.

"11. If the defendant sold the shovel to a third party before the plaintiff's right to redeem was barred, then the defendant has converted the shovel and the plaintiff is entitled to recover.

"12. If the defendant sold the shovel and was unable to return it to the plaintiff during the period of redemption no tender by plaintiff was necessary."

The judge granted, of the above requests, those numbered 1, 9, 10, 11 and 12, and the first sentence of each of those numbered 5 and 7; refused those numbered 2, 3, 4, 6 and 8, and the last sentences of those numbered 5 and 7; and found for the defendant in each action. The plaintiff alleged exceptions.

Section 11 of G. L. c. 255, read as follows:

"Except as otherwise provided in chapter one hundred and fifty-nine, if a contract for the sale of personal property is made on condition that the title thereto shall not pass until the purchase money has been fully paid and the vendor upon default takes from the vendee possession of the property, the vendee may, within fifteen days after such taking, redeem the property so taken by paying to the vendor the full amount then unpaid, with interest and all lawful charges and expenses due to the vendor."

The cases were submitted on briefs.

*T. F. O'Brien & S. E. Bentley,* for the plaintiffs.

*A. J. Young,* for the defendants.

CROSBY, J.   In these actions of tort the declaration in each case alleges conversion by the defendant of one "Model 4–25 Front Crawler Gasoline Shovel," the property of the plaintiff. The defendant in each case filed a general denial, and the defendant in the first case, in addition thereto, filed a further answer, as follows: "the defendant says that the shovel referred to in the plaintiff's declaration was furnished to the plaintiff by the defendant under an agreement dated June 17, 1925, a copy of which is hereto annexed marked 'A'; that in and by the terms of said contract the title and right of possession remained in the defendant until full compensation therefor had been paid by the plaintiff, in accordance with the terms of sale; that the plaintiff failed to make payments as stipulated in the said agreement and the defendant therefore had the right to remove the said shovel as its property."

The plaintiff was a Massachusetts corporation with a usual place of business in New Bedford. The defendant Keystone Driller Company, hereinafter referred to as the company, was a corporation having a usual place of business in the State of Pennsylvania and was represented in this Commonwealth by the defendant George R. Conyne, who was its agent in charge of its business in New England.

On June 17, 1925, the plaintiff by a written contract made in Worcester in this Commonwealth bought from the defendant company through its agent, Conyne, the

gasoline shovel above referred to. The terms of the contract so far as material were as follows: The defendant company "agreed to furnish f. o. b. Manchester, New Hampshire," to the plaintiff at the price of $7,735 the gasoline shovel with starter including essential equipment. The purchase price was to be paid as follows: $200 with the order, $2,335 on the arrival of the machine at its destination, and the balance of $5,200 in four notes of $1,300 each, payable in two, four, six and eight months respectively, with interest at six per cent, at the Merchants National Bank in New Bedford, in this Commonwealth. All the notes were dated July 13, 1925, and signed in the name of the plaintiff corporation by Thomas G. Jewett, junior, treasurer. The last two notes were due January 13, 1926, and March 13, 1926, respectively. The contract provided that the title and right of possession of all the equipment sold should remain in the company whatever be its mode of attachment to the realty or otherwise until fully paid for in accordance with the terms of sale; that upon failure of the purchaser to make all payments as stipulated in the contract, the company "shall have the lawful right to retain any or all partial payments which have been made and be free to enter the premises where said equipment may be located and to remove the same as its property without prejudice to any further claims."

The gasoline shovel was duly delivered to the plaintiff at Manchester, New Hampshire, in accordance with the terms of the contract. The plaintiff made all payments and complied with the terms of the contract, except as to the payment of the last two notes of $1,300 each, which left a balance of $2,600 to be paid with interest, expenses and charges. There was correspondence between the plaintiff's attorney and the defendant Conyne with reference to an extension of time for payment of the last two notes, but the company refused to extend the time beyond April 13, 1926, and the notes due on that day were not paid. Thomas G. Jewett, junior, the president and treasurer of the plaintiff corporation, testified that on May 28, 1926, he went to Conyne's place of business in Worcester and tendered to

him a certified check for $2,645.60; that Conyne refused to take the check and told him that he had sold the shovel. Conyne testified that on May 10, 1926, he went to Manchester where the shovel was stored, took possession of it, and on May 12 shipped it by rail to one DeMarco at New Haven, Connecticut, for storage. He denied that Jewett ever tendered him any check or money. Jewett, on cross-examination, testified that other than to offer the check he never made any payment or offer to pay the last two notes; that when he went to Conyne's office on May 28 he had the check for $2,645.60; that the rate of interest on the two notes was six per cent and would amount to about $130 so that the check tendered would be insufficient to cover the principal of the notes and interest on the date that he made the tender. Conyne testified that when he took possession of the shovel on May 10 he did it under the terms of the conditional sales agreement, and gave no notice to the plaintiff that he had taken such possession; that he took an assignment of the contract and the notes two days later; that he shipped the shovel to DeMarco, who was a contractor in New Haven and had space to store it, because he believed it might later be sold in that locality; and that on June 4, 1926, he sold it to DeMarco. The evidence was conflicting as to whether the sale was made before June 4. The plaintiff's requests numbered 11 and 12 were granted and the finding in each case was for the defendant; it is therefore apparent that the judge found the company did not sell the shovel before the plaintiff's right to redeem under G. L. (Ter. Ed.) c. 255, § 11, had expired.

The plaintiff offered in evidence Pub. Laws of New Hampshire, c. 217, relating to the enforcement of liens on personal property. Under these statutes fourteen days' notice is required before the sale of the property by posting and by publication, and notice to the owner if the owner is "resident in the county." It is admitted by the defendants that no notice was given the plaintiff under the statutes of New Hampshire. At the close of the evidence the plaintiff made certain requests for rulings. The second, third, fourth, sixth, eighth, and

the last sentences of the fifth and seventh rulings requested were refused subject to the plaintiff's exception. As the contract between the plaintiff, a Massachusetts corporation, and the company through its agent in Worcester, in this Commonwealth, was made in Worcester, it was a Massachusetts contract and the judge so ruled. We are of opinion that the law of New Hampshire is not applicable to this contract. The rule is that the nature, validity, and interpretation of a contract are to be governed by the law of the place where it is made. "The law of the place where the contract is made is, without any express assent or agreement of the parties, incorporated into and forms a part of the contract. Contracts are presumed to be made with reference to the law of the place where they are entered into, unless it appears that they were entered into with reference to the law of some other State or country." *Baxter National Bank* v. *Talbot,* 154 Mass. 213, 216. *Atwood* v. *Walker,* 179 Mass. 514. *Clark* v. *State Street Trust Co.* 270 Mass. 140, and cases cited at page 150. The rule above stated prevails in other jurisdictions. *Central Bank of Washington* v. *Hume,* 128 U. S. 195, 206, 207. *Gross* v. *Jordan,* 83 Maine, 380. *Barrett* v. *Kelley,* 66 Vt. 515. The trial judge at the request of the plaintiff ruled that the conditional sale agreement was a Massachusetts contract. This ruling was plainly right; but whether right or wrong, the plaintiff is bound by it and cannot complain because it was a ruling made at its request. The evidence warranted the inference that the delivery of the shovel in Manchester, New Hampshire, was for the convenience of the plaintiff in doing work in that neighborhood lasting, at most, only for a season and that the shovel was intended to be removed to Massachusetts or to any other place where the plaintiff obtained another contract. It could have been found by the trial judge that the parties had no intention that the performance of the contract of conditional sale was to be in New Hampshire, or that the law of any other State was to govern their rights. In these circumstances, the fact that the delivery happened to be in New Hampshire is immaterial. The case at bar in its facts

differs essentially from many cases where a contrary result was reached. For example, it was held in *Knowles Loom Works* v. *Vacher*, 28 Vroom, 490, affirmed in 30 Vroom, 586, that where a loom had been sold in New York under a contract of conditional sale, delivery to be made in New Jersey, a statute of the latter State requiring such contracts to be recorded was applicable. That case, and other cases holding that an article was sold to be annexed to or incorporated in a certain place, there to be used permanently, stand upon a different footing from a case where there is a sale of personal property which, it could be found, was intended to be used in different States. It was said in *Clark* v. *State Street Trust Co.* 270 Mass. 140, at page 150: "The nature of a contract obligation and its interpretation commonly are governed by the law of the place where the contract is made. . . . A limitation upon this general rule appears to arise when it is manifest that the contract was made with a purpose by the parties that it is to be performed in a particular place and is to be construed as to its validity and meaning as well as to its mode of performance by the law of that other jurisdiction." See also *Mercier* v. *Nashua Buick Co.* 84 N. H. 59; *Novak* v. *Fontaine Furniture Co.* 84 N. H. 93, 97.

The sales act, G. L. (Ter. Ed.) c. 106, applies to contracts of conditional sale. *Gottman* v. *Jeffrey-Nichols Co.* 268 Mass. 10, 12, 13. *Hyland* v. *Hyland*, 278 Mass. 112, 118. One of the rules established by c. 106, § 21, "for ascertaining the intention of the parties as to the time when the property in the goods is to pass to the buyer" is as follows: "*Rule 1*. If there is an unconditional contract to sell specific goods, in a deliverable state, the property in the goods passes to the buyer when the contract is made, and it is immaterial whether the time of payment or the time of delivery, or both, be postponed." This statute does not apply in terms to conditional sales. But in the interest of simplicity and uniformity its principle ought to be held by analogy to apply to the passing of the kind of interest acquired by the vendee in this case unless this is contrary to some express term of the conditional sale contract.

*Strout* v. *United Shoe Machinery Co.* 215 Mass. 116, 119. *Commonwealth* v. *Hassan*, 235 Mass. 26, 31. *Corey* v. *Tuttle*, 249 Mass. 135, 137, 138. See also *Jones* v. *Arena Publishing Co.* 171 Mass. 22, 28. The vendee under a conditional sale contract acquires substantial rights, and a special property which he can mortgage or sell. *Rowe Vending Machine Co. Inc.* v. *Morris*, 276 Mass. 274, 280, and cases cited. General rules as to time of passing whatever title such vendee acquires ought to be as applicable to him as to unconditional vendees. We find nothing in the recent decision in *Package Confectionery Co. Inc.* v. *Perkit*, 281 Mass. 554, in conflict with what is here decided.

The plaintiff's second and third requests were rightly denied. G. L. (Ter. Ed.) c. 255, § 11, provides, in substance, that if a contract for the sale of personal property is made on condition that the title shall not pass until the purchase money is fully paid, and the vendor on default takes possession of the property, the vendee may within fifteen days after such taking redeem the property by paying to the vendor the full amount then unpaid, with interest and all lawful charges and expenses due the vendor. As this statute does not require notice to the vendee after a taking by the vendor, the judge properly refused to give the plaintiff's fourth request and the last sentence of the fifth. It was the duty of the defendant company, after taking possession of the property, to redeliver it to the plaintiff within a reasonable time after payment or proper tender was made of the amount due within the time specified in the statute. No payment or proper tender was ever made to the company within fifteen days after possession was taken, and the refusal of the judge to give the sixth request and the last sentence of the seventh shows no error. After taking possession of the property, the vendor could lawfully ship it to New Haven and place it in storage there, provided it would be able to redeliver it to the plaintiff within a reasonable time after it had paid or tendered the full amount due according to the statutory requirements. The fifteen-day period under the statute begins to run from the date the vendor takes possession of the property. The plaintiff's eighth request in substance

was that it made a tender of the amount due under the contract and on May 28, 1926, offered to pay the company that amount with interest and lawful charges. There is nothing to show that the judge believed that any tender was ever made by the plaintiff. It is apparent, however, from the testimony of the president of the company that if a tender was made to Conyne of a certified check on May 28 such tender was invalid as it was not made within fifteen days from the date of the taking of the property on May 10; and it was also invalid as it did not include interest on the note or charges and expenses. It follows that the plaintiff's eighth request could not properly have been given.   See *Treefull* v. *Mills*, 234 Mass. 141.

*Exceptions overruled.*

LUMMUS, J.   In this case a Pennsylvania corporation, the defendant, made a contract in Massachusetts to deliver to a Massachusetts contracting corporation, the plaintiff, a gasoline shovel upon conditional sale. The shovel was to be delivered, and was in fact delivered, to the buyer in New Hampshire, and there it remained for nine months until the seller took possession of it for failure to pay instalments of the price. More than fifteen days later, having removed it to Connecticut, the seller sold it in Connecticut to a third person. If the Massachusetts statute (G. L. [Ter. Ed.] c. 255, § 11) applied, the right of the plaintiff to redeem had ended fifteen days after the repossession and the sale in Connecticut did the plaintiff no wrong. If the New Hampshire statute (Pub. Sts. c. 141, §§ 3–8; Pub. Laws, c. 217, §§ 5–10) applied, the right of the plaintiff to redeem after default could be ended only by notice of sale, which was never given, and the sale in Connecticut was in violation of the plaintiff's right of redemption. The question is, which law governs?

The majority opinion holds that Massachusetts law governs, because the contract under which the shovel was delivered in New Hampshire was made in Massachusetts, with a presumed intent that Massachusetts law should govern the nature, validity and interpretation of the contract.

I do not pause to discuss whether the validity of a contract can be affected by an intention to contract with reference to the law of a particular State (Minor, Conflict of Laws, §§ 153, 154; Goodrich, Conflict of Laws, § 107; Prof. J. H. Beale in 23 Harv. Law Rev. 1, 79, 194, 260; *Harwood* v. *Security Mutual Life Ins. Co.* 263 Mass. 341, 348), for to my mind the reasoning of the majority opinion is beside the point. This case does not relate to the formation, the nature, the validity, the interpretation or the performance of the contract; although much of the performance, if that were material, was to take place in New Hampshire. This case depends upon the situs of the shovel and of the relationship of conditional seller and conditional buyer with regard to it, and upon the application of State laws to a chattel and a relationship having that situs.

The contract was fully executed on the part of the seller, the relationship of conditional seller and conditional buyer was created, and the buyer's interest in the shovel, including its right to redeem after default, became vested, by the delivery of the shovel in New Hampshire. *Package Confectionery Co. Inc.* v. *Perkit*, 281 Mass. 554. Ordinarily the law of the place of delivery, at least where it does not appear that no further presence or use of the chattel there is contemplated, governs the rights of the parties under a conditional sale. *Cleveland Machine Works* v. *Lang*, 67 N. H. 348. *Knowles Loom Works* v. *Vacher*, 28 Vroom, 490, 30 Vroom, 586. *Cooper* v. *Philadelphia Worsted Co.* 2 Robb. (N. J.) 622. *Eli Bridge Co.* v. *Lachman*, 124 Ore. 592. *Mergenthaler Linotype Co.* v. *Hull*, 239 Fed. Rep. 26. *Smith's Transfer & Storage Co. Inc.* v. *Reliable Stores Corp.* 58 Fed. Rep. (2d.) 511. *United States Fidelity & Guaranty Co.* v. *Northwest Engineering Co.* 146 Miss. 476; *S. C.* 57 Am. L. R. 530. *James Beggs & Co.* v. *Bartels*, 73 Conn. 132. *H. G. Craig & Co. Ltd.* v. *Uncas Paperboard Co.* 104 Conn. 559. American Law Institute, Restatement of the law of Conflict of Laws, Proposed Final Draft No. 2, § 292. The New Hampshire statute creating a right of redemption after default applies in favor of conditional buyers (*Cutting* v. *Whittemore*, 72 N. H. 107), and "pre-

scribes the one rightful way in which the vendee's equity of redemption may be barred." *Mercier* v. *Nashua Buick Co.* 84 N. H. 59, 64. In New Hampshire, as in Massachusetts, the right of redemption is created by legislative fiat, not by contract. Where the statute applies, parties have no power to contract that the statutory right of redemption shall not attach, or that the right of redemption given by the law of some other State shall be substituted. *Desseau* v. *Holmes*, 187 Mass. 486. *Drake* v. *Metropolitan Manuf. Co.* 218 Mass. 112, 115. *Southwick* v. *Bigelow*, 237 Mass. 299, 305. *Adler* v. *Weis & Fisher Co.* 218 N. Y. 295.

The majority opinion suggests that the rules of the sales act (G. L. [Ter. Ed.] c. 106, § 21, uniform sales act, § 19) as to transfer of title ought to apply by analogy to the creation of the lesser interest of a conditional buyer, and that Rule 1 of that section applies to this case. The effort seems to be to show that the buyer's interest passed to it at once upon the making of the contract in Massachusetts. But even if it be assumed, without justification in the record, that the contract related to a shovel at the time "specific" and "in a deliverable state" within the words of Rule 1, that shovel must at the time have been either at the very place in New Hampshire at which the seller agreed to deliver it, or elsewhere. The record does not show where it was. If it was at that very place, on those assumptions the conditional interest might pass to the buyer at once under Rule 1, which declares the common law. *Levinson* v. *Connors*, 269 Mass. 209. If it was elsewhere, the seller under the contract was bound to transport it to that place in New Hampshire, and there deliver it. In that case, Rule 5 of the section cited, not Rule 1, applied, and, as at common law, no interest passed to the buyer until delivery in New Hampshire. *Commonwealth* v. *Hugo*, 164 Mass. 157. *Weil* v. *Golden*, 141 Mass. 364. *Bready* v. *B. A. Wechsler Co. Inc.* 200 App. Div. (N. Y.) 78, affirmed 235 N. Y. 539. *Carter, Macy Co. Inc.* v. *Matthews*, 220 App. Div. (N. Y.) 679, affirmed 247 N. Y. 532. *In re Armour Ash Can Manuf. Co. Inc.* 29 Fed. Rep. (2d) 671.

*Allen* v. *Wolf River Lumber Co.* 169 Wis. 253. Williston, Sales (2d ed.) § 280. In either alternative, the interest of the conditional buyer vested in New Hampshire, under the laws of that State.

Did the shovel have such a situs in New Hampshire as to come within the scope and sweep of the New Hampshire statute? For the purpose of inheritance, the situs of even tangible chattels is at the domicil of the owner. *Frothingham* v. *Shaw*, 175 Mass. 59, 62, 63. *Jacobs* v. *Whitney*, 205 Mass. 477. But that rule exists only by comity (*Hilton* v. *Guyot*, 159 U. S. 113; *Loucks* v. *Standard Oil Co. of New York*, 224 N. Y. 99, 111), for the State in which the chattels actually lie may exercise its paramount power by insisting upon applying its own laws. *Frick* v. *Pennsylvania*, 268 U. S. 473, 491, 492. See also *Putnam* v. *Middleborough*, 209 Mass. 456; *Gray* v. *Lenox*, 215 Mass. 598. Ships and other tangible chattels having no physical situs within any other civilized country have their situs at the domicil of the owner. *Southern Pacific Co.* v. *Kentucky*, 222 U. S. 63. *Cream of Wheat Co.* v. *County of Grand Forks*, 253 U. S. 325. *Atlantic Maritime Co.* v. *Gloucester*, 228 Mass. 519, 526. *Carlos Ruggles Lumber Co.* v. *Commonwealth*, 261 Mass. 445. *Fisher* v. *Fisher*, 250 N. Y. 313. The general rule, however, as to the situs of tangible chattels, and the rule applicable to this case, is that expressed by Gray, J., in *Pullman's Palace Car Co.* v. *Pennsylvania*, 141 U. S. 18, 22, where he said, "No general principles of law are better settled, or more fundamental, than that the legislative power of every State extends to all property within its borders, and that only so far as the comity of that State allows can such property be affected by the law of any other State." *Clark* v. *Tarbell*, 58 N. H. 88. This has often been applied to the taxation of tangible chattels owned by non-residents. *Union Refrigerator Transit Co.* v. *Kentucky*, 199 U. S. 194. *Frick* v. *Pennsylvania*, 268 U. S. 473, 489. *Lawrence* v. *State Tax Commission*, 286 U. S. 276, 280. *Scollard* v. *American Felt Co.* 194 Mass. 127. *Tobey* v. *Kip*, 214 Mass. 477. *People* v. *Commissioners of Taxes*, 23 N. Y. 224.

The majority opinion suggests that the shovel had not acquired any situs in New Hampshire because "the evidence warranted the inference that the delivery of the shovel in Manchester, New Hampshire, was for the convenience of the plaintiff in doing work in that neighborhood lasting, at most, only for a season and that the shovel was intended to be removed to Massachusetts or to any other place where the plaintiff obtained another contract." The bill of exceptions shows that the plaintiff was a contractor, incorporated in Massachusetts, with a usual place of business at New Bedford, and that the shovel was used in New Hampshire only a few days. That is the only basis for the inference declared permissible in the majority opinion. The undisputed facts were that the shovel was delivered in New Hampshire in accordance with the contract, and instead of being removed when it ceased to be used it remained there for nine months, some of the time in storage, until the defendant seized it. What the plaintiff at any time intended to do with it did not appear. If New Hampshire had no power to legislate with regard to it, it is difficult to see what State had power to do so. The American Law Institute Restatement of the Law of Conflict of Laws, Proposed Final Draft No. 1, § 54, declares that "A state has no jurisdiction over a chattel outside its boundaries unless (a) the chattel is habitually kept within the state, but is temporarily outside it; or (b) the chattel was removed from the state without the consent of the owner; or (c) the title to the chattel is merged in a document which is subject to the jurisdiction of the state." Massachusetts surely had no legislative power over this shovel, not only because none of the foregoing exceptions applies, but also because there is nothing in the bill of exceptions to indicate that the shovel was ever within the Commonwealth so as to give it even color of jurisdiction.

Few cases can be found in which the situs of tangible chattels has been discussed, except tax cases. Taxable situs involves some degree of permanence, some incorporation into the mass of property of a State, some opportunity for the State to furnish the protection which is said

to be the theoretical consideration for the tax. *Harrison v. Commissioner of Corporations & Taxation*, 272 Mass. 422, 430. Prof. J. H. Beale in 32 Harv. Law Rev. 587, 598, and 28 Yale L. J. 525. Yet the requirement of permanence of location means only that the chattel must have "a more or less permanent location for the time being." Cooley, Taxation (4th ed.) § 452. To exempt a chattel from the taxing power of a State in which it physically exists there must be at least a fixed purpose to remove it within a reasonable time. *State Trust Co. v. Chehalis County*, 79 Fed. Rep. 282. Dredges and other equipment of nonresident contractors have often been held taxable. *Gromer v. Standard Dredging Co.* 224 U. S. 362. *McRae v. Bowers Dredging Co.* 90 Fed. Rep. 360. *National Dredging Co. v. State*, 99 Ala. 462. *North American Dredging Co. of Nevada v. State* (Tex. Civ. App.), 201 S. W. Rep. 1065. *Griggsry Construction Co. v. Freeman*, 108 La. 435. *Eoff v. Kennefick-Hammond Co.* 80 Ark. 138. See also *Rockefeller v. O'Brien*, 224 Fed. Rep. 541, 552. The cases of *Ingram v. Cowles*, 150 Mass. 155, and *Bull v. Gowing*, 85 N. H. 483, denying the right to tax a portable sawmill or a steam shovel owned by a nonresident, do not depend upon any want of power in the State but depend upon statutory restrictions upon the exercise of the taxing power. A State cannot tax chattels moving through it in interstate commerce, and that principle covers many instances in which property transiently in a State has been denied taxable situs there. *Kelley v. Rhoads*, 188 U. S. 1. *Stafford v. Wallace*, 258 U. S. 495, 525, 526. *Champlain Realty Co. v. Brattleboro*, 260 U. S. 366. *Carlos Ruggles Lumber Co. v. Commonwealth*, 261 Mass. 445. But where the interstate transportation is interrupted, and the property lies at rest for an indefinite period, awaiting completion of the journey, it is taxable where it rests. *Bacon v. Illinois*, 227 U. S. 504. *Carson Petroleum Co. v. Vial*, 279 U. S. 95.

Much less than taxable situs — in fact, mere physical presence — is enough to bring a chattel within the general legislative power of a State. With the exception that a State may not interfere with the regulation of interstate and

foreign commerce confided to Congress, it may deal with tangible chattels within its borders, no matter how transitory their presence there. If the policy of a State is against cigarettes, or concealed weapons, or secret liens, its power to regulate begins when the chattel in question crosses the State line, and not when the chattel has become acclimated. This shovel was in no sense a subject of interstate transportation after the delivery in New Hampshire. The State of New Hampshire, I think, could have attached to the conditional sale of this shovel, immediately upon delivery in that State, a right of redemption after default, even though it were certain that the shovel would be removed to Massachusetts at the end of a week. In *Lathe* v. *Schoff*, 60 N. H. 34, horses owned by a nonresident and used in New Hampshire only for the purpose of a temporary and seasonal business were held within the New Hampshire statute as to chattel mortgages. In *Willys-Overland Co.* v. *Evans*, 104 Kans. 632, a statutory lien for repairs upon an automobile under a Kansas statute was given effect in preference to a Missouri chattel mortgage, although the automobile apparently had just been driven from Missouri into Kansas. See also *Cammell* v. *Sewell*, 5 H. & N. 728; *Alcock* v. *Smith*, [1892] 1 Ch. 238; *Waters* v. *Barton*, 1 Coldw. 450. *Universal Credit Co.* v. *Marks*, 164 Md. 130.

The New Hampshire statutes contain nothing to show that the Legislature of that State did not intend that its general laws as to redemption in conditional sales should apply to a chattel in the situation of this shovel. There is nothing in the case to show that the Legislature of Massachusetts did intend to reach into another State in the attempt to fasten upon this shovel, not shown to have been at any time within the confines of Massachusetts, and upon a relationship of conditional seller and conditional buyer having its inception and entire actual existence in that other State, a right of redemption under our statute.

If I am correct in thinking that the right of redemption given by the New Hampshire statute applied to the shovel, either because the shovel was in New Hampshire when the interests of the parties under the conditional sale became

vested (see also American Law Institute Restatement of the law of Conflict of Laws, Restatement No. 3 [1927], § 302), or on the other ground suggested in the Proposed Final Draft No. 2, § 302, that the law of the State in which the chattel is situated when foreclosure or redemption proceedings are begun shall govern, then that right of redemption under the New Hampshire statute was not divested by the removal by the defendant of the shovel into Connecticut, and a different right of redemption under Massachusetts law or Connecticut law was not substituted. *Gross* v. *Jordan,* 83 Maine, 380. *Franklin Motor Car Co.* v. *Hamilton,* 113 Maine, 63. An interest under a chattel mortgage or conditional sale, valid and existing by the law of the State where the chattel was when such interest vested, follows the chattel when removed to another State, especially when the removal was without the consent of the owner of such interest, and will be enforced in the latter State even though not in conformity to its laws. *Langworthy* v. *Little,* 12 Cush. 109. *Cleveland Machine Works* v. *Lang,* 67 N. H. 348. *Baribault* v. *Robertson,* 82 N. H. 297. *Barrett* v. *Kelley,* 66 Vt. 515. *Goetschius* v. *Brightman,* 245 N. Y. 186. *Shapard* v. *Hynes,* 104 Fed. Rep. 449. *Mergenthaler Linotype Co.* v. *Hull,* 239 Fed. Rep. 26. *Smith's Transfer & Storage Co. Inc.* v. *Reliable Stores Corp.* 58 Fed. Rep. (2d) 511. *Northern Finance Corp.* v. *Meinhardt,* 209 Iowa, 895. *Cooper* v. *Philadelphia Worsted Co.* 2 Robb. (N. J.) 622. *Lane* v. *J. E. Roach's Banda Mexicana Co.* 8 Buch. 439. *Charles T. Dougherty Co. Inc.* v. *Krimke,* 105 N. J. L. 470. 40 Harv. Law Rev. 805. American Law Institute, Restatement of the Law of Conflict of Laws, Proposed Final Draft No. 2, §§ 280, 287, 288, 289, 293, 295, 296. Compare *Turnbull* v. *Cole,* 70 Colo. 364; *S. C.* 25 Am. L. R. 1149.

The trial judge, sitting without a jury, refused to rule as requested by the plaintiff that the right of the defendant to take possession and sell depended upon the law of New Hampshire and not upon that of Massachusetts. If the law of New Hampshire had been applied, as I think it should have been, a decision in favor of the plaintiff would have been required by the further rulings of the judge

that the sale by the defendant in Connecticut, whereby it became impossible to restore the shovel to the plaintiff, excused any tender and amounted to a conversion, if made before the plaintiff's right to redeem had become barred. Those further rulings had some support in the books (*Spaulding* v. *Barnes*, 4 Gray, 330, explained in *Landon* v. *Emmons*, 97 Mass. 37, 39; *Drummond* v. *Trickey*, 118 Maine, 296; *Bedford* v. *Bernstein*, 126 Maine, 369); but their correctness need not be determined. Although the trial judge apparently found that there was no tender on May 28, 1926, he did not pass expressly upon the question whether on that day there was a waiver of tender, of which there was evidence, which would have had the same effect as an actual tender upon the defendant's right to retain possession. *Schayer* v. *Commonwealth Loan Co.* 163 Mass. 322. *Perry* v. *Lancy*, 179 Mass. 183. *Hillis* v. *O'Keefe*, 189 Mass. 139. *Gilman* v. *Cary*, 198 Mass. 318. *Glassman* v. *Ficksman*, 238 Mass. 580. His general finding for the defendant cannot be deemed an implied finding against such waiver on that day, eighteen days after the repossession, because, if the Massachusetts statute applied, as he ruled that it did, any tender or waiver of tender on that day would be immaterial because too late. It cannot be said that the erroneous ruling as to the application of New Hampshire law did not prejudice the plaintiff. In my opinion the exceptions should be sustained.