ROWE, J. (Estes, A. P. J., and Rollins, J.)
This is an action for, conversion of a motor vehicle (a hearse) which is brought by the conditional vendee thereof against the conditional vendor, who had repossessed and sold the vehicle. The trial judge found for the defendant. The plaintiff claims to be aggrieved by the denial by the court of the following request, “In order for the 15 day period of redemption to run against an owner of a motor vehicle under G. L. 255, sec. 11' he must be notified by the owner of the conditional bill of sale or his duly authorised agent that the motor vehicle has been taken and is being held for breach of condition.”
The special findings of the court (and which were warranted by the evidence) included the following:
“The plaintiff did not pay the 1st payment on December 15, 1940. The defendant, on an unknown date assigned the note and contract to the Union Finance Co., hereafter referred to as the Finance Co., of Piqua, Ohio, which on December 30, 1940, wrote the plaintiff requesting payment of the Decern-, ber 15, 1940 note. The plaintiff did not pay the $25.00 due on Jan. 15, 1941, but gave the defendant $19.99 on Feb. 1. This was the only payment made by the plaintiff. The defendant paid the 1st two payments to the Finance Co. on Feb. 4, 1941. The plaintiff did not pay the $25.00 due on Feb. 15. The attention of the plaintiff was called to his failure to pay the payments due both by the defendant and the Finance Co. on many occasions. The Finance Co. on March 1, 1941, assigned the said note and contract to the defendant. The section No. 6 of the contract provides for repossession without notice on default of the purchaser. The defendant repossessed the Hearse on March 4, 1941, in the plaintiff’s presence, after asking the plaintiff for payment of the “full amount ’ due,” to which the plaintiff answered he *60 didn’t have it. The defendant told the plaintiff he had fifteen days to repossess. The defendant placed his plates on the hearse and drove it to his place of business. The defendant sold the Hearse on March 22, 1941. The plaintiff did not redeem the Hearse within fifteen days according to the provisions of General Laws, Chapter 255, section 11. I find that the defendant had the title until he assigned it to the Finance Co., and regained title when the Finance Co. assigned it to him on March 1, 1941. I find there was'not a conversion in this case.”
The case at bar is governed by Thomas G. Jewett, Jr., v. Keystone Drilling Co. 282 Mass. 469. It is there stated (p. 477) that “this statute (G. L. c. 255, s. 11) does not require notice to the vendee after a taking by the vendor,” and there exists nothing in the instant case which takes it out of that rule.

Report dismissed.